72 So.2d 562 (1954)
PETERS
v.
GREAT ATLANTIC & PACIFIC TEA CO.
No. 8080.
Court of Appeal of Louisiana, Second Circuit.
April 22, 1954.
*563 Joseph S. Guerriero, Monroe, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellee.
GLADNEY, Judge.
Mrs. Elva Peters instituted this suit against The Great Atlantic & Pacific Tea Company and its insurer, The Travelers Insurance Company, for damages for personal injuries and expenses in connection therewith resulting from accidental injuries sustained on June 8, 1951, when she slipped and fell in the store of defendant in Monroe. She avers that because of said fall she suffered a broken arm and bruises to her face and body.
Plaintiff complains that her injuries were due to the negligence of the defendant, The Great Atlantic & Pacific Tea Company, and its employees in failing to take proper care of the floor by permitting it to be over-waxed and by allowing beans and vegetables and other refuse to fall and remain upon the floor. Defendant contests liability by denying it was in anywise negligent and expressly avers lettuce leaves, carrot tops, etc. were not allowed to accumulate on the floor. Answering further, it says several of its employees were specifically charged with the duty of sweeping the floor clean and that this was done several times each hour, or as often as necessary; that the floor at the time of the accident had not been waxed for two and one-half months, during which time thousands of customers had used the floor which had been treated with a special wax to prevent slipping.
After trial on the merits there was judgment rejecting plaintiff's demands from which ruling she has perfected this appeal.
Defendant does not deny Mrs. Peters suffered a broken arm by falling in its store on the date aforesaid. Plaintiff testified that she and other ladies while shopping in the store observed an employee about to empty a hamper of fresh snap beans into a bin kept for that purpose and *564 accordingly they converged upon the bin in order to obtain a preference of the choicest beans. She related the colored porter who emptied the hamper probably spilled some beans on the floor as she saw him stoop down and pick up some. She said when she fell to the floor near where the beans were stored she saw numerous particles of vegetables and a small portion of a snap bean on the floor and it was this portion of the snap bean which caused her to slip and fall.
A number of employees of The Great Atlantic & Pacific Tea Company store testified the floor was kept free of debris or refuse by several sweepings each hour and that it was the duty of three people to take a broom kept next to the produce counter and see that the floor was kept clean. Several of these witnesses contradicted the testimony of Mrs. Peters in that they stated it was not a colored porter who placed the beans in the produce bins as the store had no colored person working in that department. Witnesses also disputed plaintiff's testimony by stating that instead of the beans being in hampers they were in an orange crate lined with paper and had been placed in the bin some time prior to the time Mrs. Peters slipped and fell.
The evidence of plaintiff is corroborated only in minor details and on all material points is refuted by witnesses called by the defendant.
Plaintiff's cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App. 1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App. 1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App. 1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App. 1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer. See: Bartell v. Serio, La.App.1938, 180 So. 460; Powell v. L. Feibleman & Co. Inc., La.App.1939, 187 So. 130; Battles v. Wellan, La.App.1940, 195 So. 663; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App.1941, 1 So.2d 345; Hays v. Maison Blanche Co., La.App.1947, 30 So.2d 225.
One who asserts an obligation for a breach of duty bears the burden of establishing it by a preponderance of the evidence except where his opponent is the *565 most cognizant of facts necessary to decide the issue. See: Louisiana Tractor & Machinery Co. v. Henry, La.App.1945, 24 So. 2d 188; Morris v. Vining, La.App.1950, 49 So.2d 458; Commercial Union Fire Insurance Co. v. Thibodaux, La.App.1952, 60 So.2d 425.
The record in the instant case discloses defendant's agents or employees were not more cognizant of the cause of Mrs. Peters' injury than she was, and, therefore, plaintiff must sustain by a preponderance of the evidence the burden of proving her accident was due to some negligent act chargeable to the defendant. Applicable here, it seems to us, is the rule that where the unsupported testimony of plaintiff is contradicted by the testimony of the defendant and the credibility of neither is attacked, and there is no corroborating evidence of conditions, plaintiff is held not to have made out a case. Winford v. Wilson, La.App.1952, 59 So.2d 498.
As pointed out above it is conceded that Mrs. Peters fell in defendant's store and suffered a broken arm and perhaps other injuries. Even if we concede, however, that her foot slipped upon a bean which had fallen to the floor still plaintiff has entirely failed to prove that the bean remained on the floor for such a period of time that it became the duty of the defendant to notice and remove it from the floor. In failing to do this plaintiff has failed to prove fault on the part of the defendant to the extent required in order to assess liability.
The issues presented are largely questions of fact. The trial court, after hearing the case upon its merits and observing the witnesses who testified in the case, decided against plaintiff's contentions and rejected her demands. Our examination of the record fails to disclose manifest error and we feel impelled to follow the ruling of the trial court, which, indeed, was in a much better position to pass upon the veracity of the witnesses than this court. By brief of counsel we are informed the judge a quo determined plaintiff's case was not made out by a preponderance of the evidence. In this ruling we concur.
It, therefore, follows that the judgment from which appealed should be affirmed at appellant's cost.