LOTTINGER, Judge.
This is a suit in tort for personal injuries sustained by petitioner, James F. Knight, when he was shopping in the premises of the defendant, National Food Stores of Louisiana, Inc. Joined as a party defendant is American Surety Company of New York, the public liability insurer of the defendant. The Lower Court rendered judgment in favor of defendant and against petitioner, and dismissed petitioner’s suit. The petitioner has taken a devolutive appeal.
*512 The facts, which are not seriously in dispute, disclosed that on the morning of September 28, 1959, the petitioner entered the defendant’s grocery store between 11:00 and 11:30 A.M. to purchase groceries. Upon completion of his purchases, he checked out through the check-out counter, paid for the groceries, left them on the counter and went to a display stand to get a carton of soft drinks which were displayed near the check-out counter. Upon returning from the display to the check-out counter, he slipped on a piece of banana and fell. The record discloses that twice before the accident happened, the petitioner passed the area where he ultimately slipped, once some ten or fifteen minutes before when he entered the store, and once less than a minute before his fall when he walked by this area.
The petitioner filed this suit, claiming injuries to his person in the total amount of Seventy-six Thousand and No/100 ($76,-000.00) Dollars. The defendant filed answer substantially admitting the above facts and alleging that at the time of the fall, its employees were in the process of picking up pieces of banana which had been thrown to the floor by the small child of another customer a few minutes before the accident. In this answer, the defendant claims no negligence or liability on its part and, in the alternative, claims contributory negligence on the part of petitioner. Shortly prior to the trial of the matter, the defendant amended its answer so as to state that the small child was seen eating a banana shortly prior to the fall by petitioner, and that the defendant assumes that the child dropped, or threw, a piece of this banana to the floor. In the amended answer the defendant alleges that it did not know of the presence of the piece of banana, nor did it have an opportunity to know of its presence until the petitioner fell. The record discloses that the allegation as contained in the original answer was due to an error contained in the report of the accident made by the defendant company, which report was made by its manager and a relative of petitioner, both of whom were not present at the time of the accident. The petitioner made no objection to this amended answer until midway of trial upon the merits, after petitioner had examined all of its witnesses and after they had been cross examined by defendants.
The petitioner, upon this appeal, claims that the Lower Court erred in overruling its objection to the amended answer and, furthermore, that the Lower Court erred in finding no negligence on the part of defendant.
As to the first allegation of error relative to the failure of the Lower Court to sustain the objection to the amended answer, the Code of Practice of 1870, which was in effect at the time of the trial of this suit, provides that a plaintiff may, with the leave of court, amend his original petition, provided the amendment does not alter the substance of his demand, by making it different from the one originally brought. Louisiana Code of Practice Article 419. Article 420 of the Louisiana Code of Practice makes the same provisions as regards an amended answer. We do not believe that the amended answer filed by the defendant in this matter made any change in the substance of his demand. The original answer denied any liability or negligence on the part of defendant, and, in the alternative, alleged contributory negligence on the part of petitioner. The amended answer only served to correct an error of fact which was discovered by the defendant after the filing of its original answer, and no objection to this amended answer was made by adverse party until midway of the trial on the merits, and after evidence had been adduced which substantiated the facts which are set forth in the amended answer. We therefore feel that the Lower Court was correct in permitting the defendant to file his amended answer. Furthermore, the petitioner waived any right to object to this amended answer when it allowed the defendant counsel to examine witnesses relative to the allegations contained in the amendment, and when the counsel for petitioner himself questioned these witnesses with regard to these particular facts. This testimony enlarged the pleadings to the *513 same extent as did the amended answer. Succession of Brower v. State, La.App., 87 So.2d 183; Modicut v. Rist, La.App., 98 So.2d 268; and Ducote v. Ducote, 183 La. 886, 165 So. 133. We feel that allowing this amended answer was within the sound discretion of the Trial Judge and find no error in his ruling on this point.
As to the decision by the Lower Court on the question of facts, the record discloses that the defendant establishment was thoroughly swept out at least four times a day. The porter, Mannie Myles, testified that he went to lunch each day from 10:30 to 11:30 A.M. On the day of the accident, as was his customary procedure, he commenced sweeping the floor of the store at about 10:00 A.M. and it took him approximately twenty-five minutes to sweep the whole store. The accident of petitioner occurred some time between 11:00 and 11:30 A.M., which was some forty-five minutes to an hour and a half after the area had been swept out. The record reflects that just a moment or two before the accident an unidentified child was seen eating a banana at the site of the accident. The bag boy, who also had the duty of keeping the area around the checkout counter clean, testified that he looked around to see and determine whose child he had seen eating the banana, and, upon looking back, saw the petitioner in the act of falling. His testimony is substantiated by a check-out girl who also saw the child eating the banana immediately before the accident. The evidence further shows that the petitioner himself had passed the scene of the accident when he first entered the store as well as just a moment before he slipped when he was going to pick up a carton of soft drinks.
Based upon these factors, the Lower Court held that there was no negligence on the part of the defendant. In its decision the Lower Court stated as follows:
“The jurisprudence of this State with reference to slipdown cases was thoroughly reviewed and properly stated in the case of Peters v. Great Atlantic & Pacific Tea Co., [La.App.,] 72 So.2d 562 (1954), was reaffirmed in Sattler v. Great Atlantic & Pacific Tea Company, [D.C.,] 18 F.R.D. 271 (1955), and restated and reaffirmed in Meyerer v. S. H. Kress and Co., [La. App.,] 89 So.2d 475 (1956), and for the purposes of this opinion are here restated.
“‘(1) Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves vs. S. H. Kress & Co., La. App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120. (Emphasis ours.)
“‘(2) He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App. 1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App.1947, 32 So.2d 508.
“‘(3) His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La. App.1942, 8 So.2d 701, and not as a *514 result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La. App.1941, 1 So.2d 108.’ (Emphasis ours.)
“In the light of the principles set forth in the Peters case, supra, and the facts as found by this Court, it is the opinion of this Court that no negligence has been shown attributable to the defendant and hence there is no liability. In the light of this opinion, it is not necessary that the plea of contributory negligence be considered.”
In view of the evidence before us as well as the jurisprudence of this state, we find no error in the holding of the Lower Court, and its decision will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court is affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.