A. E. RAINOLD, Judge ad hoc.
This is a suit for damages brought by Christian Purcell against Schwegmann Bros. Giant Super Market, Inc., and Schwegmann Bros. Giant Super Markets, a commercial co-partnership and Houston Fire and Casualty Company, their liability insurer.
Plaintiff alleges that on October 30, 1959, at approximately 10:30 a. m., while he was on the premises of Schwegmann Bros. Super Market, Gentilly Store, as a route salesman for the Washington Ice, Royal Products Division, selling and delivering bottled soft drinks; that he walked through the warehouse section of the store, which section was reserved for the storage of products to be placed on sale in the retail section; that he went to the retail section for the purpose of soliciting an order for soft drinks, returning through the warehouse section in order to tell his helper what to deliver, came back again with the delivery boy who was pushing a hand-truck containing the soft drinks, then went in the retail department to obtain two free cups of coffee and was returning through the warehouse section of the premises when he slipped and fell.
He alleges when he reached the portion of the premises where the vegetable department adjoined the fish and seafood department he slipped on water, fish scales and/or fish slime that had accumulated on the floor from the seafood department and that the defendants were negligent in allowing water and refuse to accumulate on the-floor, in permitting the slippery condition to exist on the floor, in failing to warn him of the dangerous condition, in failing to-keep the floor clean and dry when the defendants knew that he and persons similarly situated were traversing the floor.
The defendant denied any negligence whatsoever on their part, averring he was. a trespasser on the portion of the property where he received his injury and in the alternative pleaded contributory negligence in that the plaintiff failed to keep a proper lookout in an area reserved for employees of the store, in failing to watch where he -was-, walking, in walking without taking care to step on any article, in stepping and: walking on water, fish scales and/or fish-slime that accumulated on the floor from! the seafood department as alleged by him,, if said condition did exist, which is denied,, and walking through the area with a cup of coffee in each hand and without doing so< carefully with due regard to existing circumstances. In the alternative the defendants pleaded that the plaintiff did not suffer any injury as a result of a fall but on the contrary he had a pre-existing condition-of long standing which caused him to be-hospitalized on a number of occasions at. which time he received extended treatment for the condition present in his left hip and leg; that he injured his hip while in the-United States Army; that in February,. 1956, he had a fall and sustained a fracture-of the left hip which revealed a bone lesion and a giant cell tumor; that he required: prolonged hospitalization and treatment for *465 said condition and although he received a discharge from the hospital, he had never fully recovered from the condition of his hip; that said original condition made him unsteady on his feet and legs; that because of said condition he fell and the fracture, if any he now has, was not the result of the fall but the result of the pre-existing condition which caused him to fall.
The medical testimony bears out the fact that the plaintiff had a lesion on the structure of the bone of his hip and that he walked with a limp. The evidence shows that he fractured this hip in 1956 and was not discharged by his doctors until 1959. He had just removed a brace three months prior to the accident of which he complains. He had traversed this area three times within a very short while prior to his accident. The record does not demonstrate that there was any debris, water or foreign matter on the floor prior to his fall. The record does show that there was a wet spot on the floor after the fall and that his clothes were wet. The only testimony in the record to the effect that there was debris or water on the floor was given by a former employee of Schwegmann, one Roosevelt Daniel, and this was after the plaintiff had fallen. The plaintiff himself in his own testimony testified that he passed the spot twice and did not notice anything wrong with it and that he did not know what caused him to fall.
The trial judge who heard and saw the witnesses dismissed plaintiff’s suit, apparently because he could find no negligence whatsoever on the part of the defendant, Schwegmann Bros. If there was any debris on the floor, then certainly it could not have been there for any appreciable period of time. Plaintiff argues that if there was debris on the floor, as Roosevelt Daniel claimed in his testimony, that the defendant had actual notice of the fact it was there because this was a warehouse area used only by employees and that an employee must have placed it there or known it was there. This árgument fails to take into account that the record shows that there were other tradespeople on the premises in a similar capacity to the plaintiff. There is nothing to show that there was any debris on the floor and, if there was, that it was there for any appreciable period of time.
Defendant must have actual or constructive notice of the presence of a dangerous substance on the floor, in the absence of which there is no negligence upon its part. Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
Affirmed.