GLADNEY, Judge.
The defendant insurer of a pick-up truck operated by Lyle C. Thibodeaux, appeals from a judgment rendered in favor of the plaintiff, E. A. Owens, for damages to his automobile, for personal injuries, loss of earnings, and expenses resulting from a collision involving the insured truck.
The accident occurred during the afternoon of February 3, 1960, at the intersection of First Street and East Texas Avenue in Bossier City, Louisiana. At that time Owens was proceeding across East Texas Avenue in a southerly direction on First Street and Thibodeaux, driving a pick-up truck, was proceeding in an easterly direction down the incline of the Red River *51 traffic bridge in the outside lane. The latter thoroughfare on the east side of Red River is known as East Texas Avenue. The two vehicles collided in the southwest quarter of the intersection which is controlled by an overhead traffic signal light.
The drivers of the respective vehicles were the only eyewitnesses to the accident produced at the trial, although the record contains some additional testimony. Counsel for appellant urges that plaintiff has failed to carry the burden of proof of Thibodeaux’s negligence; that.the rule as reflected in Peters v. Great Atlantic & Pacific Tea Company, La.App., 72 So.2d 562 (2d Cir.1954), should be followed in this instance, and that in any event its special plea of contributory negligence should prevail.
The only serious issue presented is one of fact, and that is which driver entered the intersection against a red light. Both testified that their entry was in response to a green semaphore signal light. The testimony of each must be read in the light of corroborating circumstances. Thibodeaux testified he was stopped in the righthand lane waiting for the lights to change when he first saw the Owens vehicle; that he noted the amber or caution light for north-south traffic had flashed, and that at that time Owens was some two or three car lengths from the intersection. He said he assumed Owens was going to stop and upon this assumption entered the intersection. This witness admitted that a vehicle traveling in the adjacent lane remained at a stopped position until after Thibodeaux had initiated his entry into the intersection. Owens testified that he often traveled through the intersection and was familiar with traffic conditions. He stated that he entered the intersection upon a green light and commented that it would be foolish for anybody to attempt to enter that intersection upon a caution' light. The investigating officer, J. H. Furguson, testified that the two vehicles were in place when he arrived upon the scene and that he questioned both Thibodeaux and Owens. He testified:
“A. Number one, which had been Mr. Thibodeaux, stated he stopped for the light, and number Two, which had been Mr. Owens, came on through after the light changed for Mr. Thibodeaux to go.
“Q. Alright now, what did Mr. Owens say?
“A. Mr. Owens stated that the light had turned to caution when he ' was under the light.”
Both testified that the point of impact was in the extreme south edge of the intersection and to the west of the center of the intersection. It is apparent that the trial court believed that the plaintiff, in fact, entered the intersection upon a green light and had a right to complete his crossing of the intersection after the light changed to caution. Although counsel has referred to the holding in Peters v. Great Atlantic & Pacific Tea Company, supra, 72 So.2d page 565, except for a statement of a legal principle universally recognized, the case is inapposite. In that case this court followed the judgment of the trial court, stating:
“The issues presented are largely questions of fact. The trial court, after hearing the case upon its merits and observing the witnesses who testified in the case, decided against plaintiff’s contentions and rejected her demands. Our examination of the record fails to disclose manifest error and we feel impelled to follow the ruling of the trial court, which, indeed, was in a much better position to pass upon the veracity of the witnesses than this court.”
The measure of damages is not disputed and the record reflects that plaintiff made sufficient proof as to damages for property and personal injuries. It is our opinion that the judgment is correct, and accordingly, it is affirmed at appellant’s cost.