HOOD, Judge
(dissenting).
I am unable to agree with my esteemed colleagues in the conclusions which they have reached in this case.
This case was consolidated for trial with another damage suit filed by the same plaintiffs but arising out of another accident. The trial judge assigned only one “reasons for judgment,” but he discussed both cases in that opinion. The following is all that the trial judge said in his reasons for judgment relating to the facts and to the question of liability in this case:
“We then have the matter of the injury suffered by the plaintiff, Mrs. Singleton, in the Foodtown store. She testified that while she was on a shopping expedition, she slipped and fell because there was some substance, banana juice or water or some other substance which caused her to slip and fall. Several of the employees or former employees of Foodtown testified their attention was called to her having fallen and they responded to the warning or notice that she had fallen, none of them assisted her; they stated they found her in a kneeling position with a hand on one of the racks or bins and she arose. Two of the witnesses testified she stated she slipped in banana juice. There is some question, they didn’t see any bananas around, ripe bananas in the carts which she contended were present.
“I am impressed with the sincerity of the plaintiff here and what she has said. The employees made a cursory glance the best I can evaluate their testimony and said they saw nothing. Nothing further was done. No one made any further examination or inspection of it. I don’t think the doctrine of res ipsa loquitur applies, but I do think, that in evaluating the testimony it is affirmative and, I believe, the truthful testimony of this lady and the other equally truthful testimony of the defendants, but they just- — one o£ them said it was just a few seconds he-was there and left, and it was •not sufficient examination in my opinion to say that this lady didn’t slip in what she said' she slipped in. But, nevertheless, we get down to the question of medical testimony here.” (Emphasis added.)
On the basis of that opinion, the majority has held that it is “unable to say that the-trial judge erred in concluding that Mrs* Singleton actually slipped on some banana-juice, which was on the floor of defendant’s, store as a result of dripping of ripe bananas from a shopping basket placed in the aisle for display and retailing purposes.” The majority further held that “under these findings,” obviously referring to the findings of the trial judge, "Foodtown’s employees created an unreasonable hazard to the safe use of its aisles by customers, when. they placed ripe bananas where they could, drip and make the passageway inconspicuously slippery."
I do not believe the trial judge arrived at any such conclusions, and if he did I think he clearly would have committed manifest error in doing so.
In the first place, I think the evidence completely fails to show that there was any banana juice on the floor at all. Mrs. Singleton is the only witness who saw any kind of foreign matter on the floor. My interpretation of her testimony is that she does not know what the liquid on the floor was that caused her to slip, but she merely assumed that it was banana juice. She said it was a clear liquid, whereas uncon-tradicted evidence shows that drippings from overripe bananas is “reddish black” *443 in color. The trial judge, recognizing the uncertainty of her testimony, correctly stated in his reasons for judgment that Mrs. Singleton “testified that while she was on a shopping expedition, she slipped and fell because there zvas some substance, banana juice or water or some other substance which caused her to slip and fall.” He then observed that the employees of the store, all of whom denied that there was any foreign substance on the floor or a basket of bananas in the vicinity, had not made a careful inspection of the site of the accident, and he concluded that “it was not sufficient examination in my opinion to say that the lady didn’t slip in what she said she slipped in.”
A correct interpretation of the finding of the trial judge is that Mrs. Singleton slipped on “some substance, banana juice or water or some other substance,” since that is “what she said she slipped in.” It may be, as assumed by the majority, that the trial judge meant to hold that she slipped on banana juice, but if he did then the evidence and his own reasons for judgment •show that he committed manifest error in so holding. I am convinced that the evidence does not support such a finding.
Assuming, however, that the substance •on which Mrs. Singleton slipped was banana juice, rather than a much more likely substance such as water or one of many clear liquids that customers may purchase in any ■grocery store, I disagree with the majority in its statement that the trial judge found (1) that she slipped “as a result of dripping of ripe bananas from a shopping basket,” or (2) that the basket had been “placed in the aisle for display and retailing purposes,” •or (3) that “Foodtown’s employees * * * placed ripe bananas where they could drip and make the passageway inconspicuously slippery.” A reference to the reasons for judgment handed down by the trial judge shows that he made no such findings. And a thorough examination of the record reveals that there is not one scintilla of evidence which in any way tends to support any one of those conclusions.
Not a single witness said that an employee of the defendant store had placed bananas in a shopping basket, that a basket of bananas had been placed in the aisle by anyone connected with the store, that the basket of bananas which Mrs. Singleton saw was “for display and retailing purposes,” or that the agents or employees of the store even knew that there was a basket of bananas in the store at that time. Mrs. Singleton herself made no statements which in any way indicated that employees of the store had anything to do with the basket of bananas which she saw. As opposed to this, the employees of the storekeeper, whom the trial judge regarded as being “equally truthful,” gave positive testimony that the store had no connection whatsoever with placing a basket of bananas in that vicinity.
If a basket of bananas was in the vicinity of the place where Mrs. Singleton fell, then the most logical explanation of its presence there would be that another customer had placed some of these bananas in his shopping basket with the intent of purchasing them. That may have occurred, and the customer may have moved the basket away to some other part of the store immediately after the accident occurred, thus explaining why there was no basket of bananas anywhere in that vicinity when three store employees arrived at the scene of the accident within moments after it occurred.
It also appears to me that if a basket of bananas had been allowed to remain in the aisle long enough for drippings to accumulate on the floor, the drippings obviously would be under the basket. It is unlikely that Mrs. Singleton stepped under a basket at the time she slipped. Counsel for plaintiffs, recognizing the fact that Mrs. Singleton could not have slipped on banana juice drippings while the basket was still over that spot, argues that “these bananas dripped on the floor and when the basket was moved, unsuspecting customers would walk on this and fall, with resulting in *444 juries.” The position taken by counsel in his brief is the only one which can be taken with any logic, but it brings out the fact that if the accident occurred as plaintiffs contend then the alleged basket of bananas necessarily must have been moved before Mrs. Singleton slipped, and that her present claim that she slipped on drippings from a basket of bananas which had formerly been at that location was merely an assumption on her part and was not based on anything which she observed.
There is no evidence at all, of course, to show that prior to the accident the defendant storekeeper had any knowledge of the fact that there was a foreign substance oh the floor, or that a basket containing bananas was located in the aisle of the store. And there is no evidence to show how long the basket of bananas which Mrs. Singleton saw had been there before the accident occurred. There is nothing in the record, therefore, on which a holding could be based that the defendant storekeeper knew or should have known of the alleged dangerous condition of the floor before the accident occurred.
Under our law, a storekeeper is not the insurer of the safety of his customers. He need only keep the floors and passageways of his store in a reasonably safe condition, for use in a manner consistent with the purpose of the premises, and in doing so he is required only to exercise the degree of care which would be exercised by an ordinarily prudent person under similar circumstances. He is not liable for injuries caused by a foreign substance on the floor of the store, unless (1) that substance had been placed or left in that position by the storekeeper, his agents or employees, or (2) if placed there by someone else, it is shown that the storekeeper had actual or constructive knowledge of the fact that it was on the floor for a long enough period of time that he could have removed it prior to the time of the accident. Peters v. Great Atlantic & Pacific Tea Company, 72 So.2d 562 (La.App. 2d Cir. 1954); Lejeune v. Hartford Accident and Indemnity Co., 136 So.2d 157 (La.App. 3d Cir. 1962, cert. denied); and Levine v. Hartford Accident & Indemnity Company, 149 So.2d 433 (La.App. 3d Cir. 1963).
In my opinion the established principles-of law hereinabove stated have not been, applied in this case. The effect of this-judgment, I think, is to hold the storekeeper liable on a mere showing that an accident occurred on its premises.
For these reasons, I respectfully dissent.