LANDRY, Judge.
This is a “slip and fall case”, the appeal herein being by plaintiffs Walter L. Sykes and Dixie L. Sykes, whose actions for damages for personal injuries to Mrs. Sykes and associated medical expense was dismissed subsequent to trial on the merits. We find the trial court properly resolved the question of liability in favor of defendants, The Great Atlantic & Pacific Tea Company, Inc. (A & P) and A & P’s insurer, Aetna Casualty & Surety Company (Aetna).
The mishap on which this action is founded occurred at approximately 11:00 A. M., May 18, 1966, in the A & P store situated in Covington, St. Tammany Parish. In effect Mrs. Sykes maintains she slipped on a “bingo card” offered in evidence. Said exhibit, consisting of a ticket measuring one and one-half by two and one-quax'ter inches, indicates by printing thereon that it is part of an advertising scheme pursuant to which customers of defendant’s establishment may win cash prizes merely by signing their names to the reverse side of the card and depositing same in a receptacle provided by the management. Although the precise nature of the “game” is not explained in the record, it appears the customer must punch a portion of the card measuring one-half by three-quarter inches. In any event, the cardboard offered in evidence herein shows such a perforated area from which a portion of the card has been removed.
Plaintiff’s version of the accident is that she slipped on one of these bingo cards which were strewn on the floor next to the checkout counter. Defendants maintain the floor was clean and free of such litter or any other debris which may have rendered the area slippery or dangerous in any manner whatsoever.
The law applicable in such instances is well settled. The owner of a *543 store, shop or similar establishment is not the insurer of the safety of his patrons but nevertheless owes invitees the duty of reasonable care as regards the condition of his premises. Dyer v. Stephens Buick Co., La.App., 125 So.2d 185. The degree of care owed by the owner of premises to his invitees includes maintaining the floors in reasonably safe condition, considering the nature of the business, so as not to expose patrons to unreasonable or unnecessary dangers. Regenbogen v. Southern Shipwrecking Corporation, La.App., 41 So.2d 110. Generally the duty owed an invitee is that of ordinary and reasonable care commensurate with the circumstances involved. Campbell v. All State Insurance Co., La.App., 112 So.2d 143.
 The owner of premises is not responsible for accidents resulting from the condition of the floors of his establishment unless he is responsible therefor or could, with the exercise of reasonable diligence, have detected the condition and remedied it before the accident occurred. As regards foreign objects causing slips or falls, the owner is not liable therefor unless the object is dangerous and allowed to remain a source of peril for a longer period of time than that in which the object should reasonably have been discovered and removed. See Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562, and authorities therein cited.
Plaintiff’s testimony is substantially that on the morning of the accident she had purchased a quantity of freezer cartons and, after having been checked out by defendant’s manager, James H. Beck, Jr., rolled the buggy containing her purchases to her automobile. Realizing she had not been given a bingo ticket, she returned to the checkout counter and informed Beck he had forgotten to give her a card. As she was thus speaking, her left foot went out from under her causing her to fall to the floor. Although the fall “addled her”, while on the floor she noted a bingo card under her left foot when she moved her foot to rise. At this time she observed several discarded cards on the floor in the vicinity of the checkout counter. She picked up the card under her foot and informed Beck, “See that’s what made me fall.” She also testified she was assisted to her feet by either Beck or some other male employee. While not certain as to whether Beck gave her the requested card before or after her fall, she was sure she filled out a card and deposited it in the receptacle following the accident. She then went home and that afternoon began experiencing severe headache and back pain.
A customer, Mrs. Jan Mizelle, testified she was standing near plaintiff and witnessed the accident. She stated plaintiff slipped and fell sitting on one foot with the other extended forward. Mrs. Mizelle did not see what caused plaintiff’s fall but she did note several bingo cards on the floor near where plaintiff was sitting. When plaintiff fell, plaintiff was not walking but was standing still and in the act of turning around. She observed that plaintiff was wearing slippers known as “slides” which may be described as footwear having only a wide strap across the toe and being without heels. In a statement given an adjuster prior to trial, Mrs. Mizelle recited that so far as she was aware plaintiff merely lost her balance and fell. She also testified plaintiff was assisted to her feet by a male employee of defendant’s store.
Defendant’s manager, Beck, testified that after checking plaintiff out, he turned to the next customer whereupon plaintiff requested a bingo card. He turned to get the ticket and as he again turned to hand the card to plaintiff, he noted plaintiff in the act of falling. Beck was certain that plaintiff did not go outside and reenter the store, and was equally positive plaintiff did not have a “buggy” of freezer cartons. He further stated plaintiff’s purchases were such that she was carrying them in a bag. When plaintiff fell, he started toward her to render assistance but plaintiff immediately arose unaided. After the accident Beck and an employee, Anthony *544 Chanel, examined the area around the checkout counter and found it not only clean but also free and clear of any bingo cards or other foreign objects. In addition, Beck testified the floor had been cleaned the night before and swept at least once or twice between opening time and plaintiff’s fall. He also denied plaintiff showed him a card and informed him the ticket caused her to slip.
Anthony Chanel testified he was employed as “bag boy” and stationed at the end of the checkout counter when plaintiff fell. He observed plaintiff fall with both legs beneath her body. He started to go to her aid but noted that Beck was doing likewise so he deferred to his superior. However, before Beck reached plaintiff, Mrs. Sykes arose unassisted. Chanel also stated he was looking directly at plaintiff when she fell. He observed plaintiff turn suddenly to Mr. Beck and exclaim, “Oh, I forgot my ticket.” Chanel was positive plaintiff was not walking when she fell but rather was in the act of turning rather quickly. He was also of the opinion plaintiff did not slip on anything but fell because she lost her balance in turning too rapidly to receive her ticket. After the accident plaintiff did not show Beck a card. Chanel assisted Beck in checking the floor following the mishap and observed no bingo cards or other foreign or extraneous matter. Moreover, Chanel stated that he personally swept the area involved approximately 20 minutes before plaintiff’s accident. Chanel was also certain plaintiff did not have a buggy as it would have been his duty to roll it to her car and unload it. He stated unequivocally that plaintiff was carrying only a few purchases in a paper bag.
Predicated on the foregoing evidence the trial court found plaintiff failed to establish that there were cards on the floor or, if so, how long they had been permitted to remain. Further, he entertained serious doubt that plaintiff had fallen due to slipping on a card.
The evidence likewise fails to convince us that plaintiff has established her cause with that degree of certainty required by law. After reviewing the record before us, we are constrained to the view the testimony preponderates in favor of the conclusion plaintiff did not slip on a bingo card. Plaintiff’s testimony and that of Mrs. Mizelle is contradicted on several important points by the testimony of Beck and Chanel which appears most convincing especially regarding the condition of the floor following the accident.
If bingo cards were present in some profusion as plaintiff testified, it appears odd she did not collect some for evidence considering she retained sufficient aplomb to preserve the ticket which allegedly caused her fall. Moreover, we note the card introduced in evidence (on which plaintiff presumably stepped) is remarkably clean and devoid of any sign of soil. It is most unlikely that if the card in question were on the floor and stepped on or contacted in any manner by plaintiff’s shoe, it would have remained completely unsoiled, totally unmarred and absolutely unscuffed or otherwise display some indication of having lain upon the floor and being the cause of a fall.
For the reasons hereinabove assigned, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.