SWIFT, Judge.
While a patron of Rivet’s Coiffures Ele-gantes, a beauty salon, Mary B. Thompson fell and sustained an injury. This suit has been brought against the salon operator, Rivet Hedderel, and his public liability insurer to recover damages allegedly resulting therefrom. Plaintiffs have appealed from a judgment dismissing their case.
It is undisputed that approximately thirty minutes prior to the accident an employee of the shop dropped and broke a bottle of thick liquid facial cleanser on the vinyl floor. However, the affected area was cleaned immediately. Employees of the salon testified that the place where the bottle broke, located between the last two “combing chairs” and near the right wall of *740 the shop as it is entered, was cleaned with wet cotton pads and towels. Thereafter, the area was gone over with dry towels and inspected to insure that no glass or liquid remained on the floor.
Apparently Mrs. Thompson was seated beneath an electric hair dryer near the rear of the room at the time the bottle was broken. When that phase of her hair treatment was concluded, she moved to a “combing chair”, within the general area where the bottle fell, to await her turn for the final phase of the beauty treatment. Deciding to change from a smock to her street clothes, Mrs. Thompson arose from the combing chair and began walking toward the dressing room on the opposite side of the room from where the bottle was broken. In doing so, she fell to the floor and fractured her forearm.
Counsel for appellant contends the cleaning procedure employed to clean the floor was insufficient and left it slippery, thus creating a dangerous condition which caused the plaintiff to fall.
Mrs. Majorie Lobman, a patron of the shop, testified that a shiny or slippery area remained after the cleaning operation, and that Mrs. Thompson fell as she got near it. However, this witness located the shiny spot more than half way across the room from the place where appellant and the other witnesses said the bottle had broken.
The testimony is in conflict as to exactly where appellant fell. Mr. Hedderel and his sister-in-law, the manager of the salon, stated that this took place near the dressing room door across the room from where the bottle had broken. An employee who helped Mrs. Thompson up from the floor located her fall slightly closer but still some distance from the area where the liquid spread on the floor. Although she was not certain, appellant thought her fall occurred very near the combing chair in which she had been seated. Mrs. Lob-man’s location of the fall coincided with that of the salon operator and its manager, and contradicts appellant’s testimony that she took only one or two steps from the combing chair before slipping.
The trial judge placed considerable emphasis on the testimony of Mrs. Allen J. Duplantis, a former employee of the beauty shop who was called by plaintiff, as to the location of the broken bottle and the effectiveness of the cleaning process. Mrs. Duplantis testified that the spilled liquid was of a thick consistency and affected an area of only about 20 to 24 inches in diameter near the right wall and between the last two combing chairs. She said that the floor was thoroughly cleaned and dried by her and Miss Shirley Hadderel. Mrs. Du-plantis was in the back room when Mrs. Thompson fell and could not testify as to the location of her fall.
Although there were many other customers in the shop on the day in question, no one other than appellant fell on the premises.
The legal principles applicable to a case of this nature are well settled. The owner or operator of a business establishment is not the insurer of the safety of the patrons. The proprietor is under the duty, however, to maintain the floors in a reasonably safe condition for use in a manner consistent with the intended use of the premises. Also, the fact that an accident occurred creates no presumption of negligence. For a claimant to recover, it must be shown that the owner breached the duty to use reasonable care. Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2 Cir. 1954). Levine v. Hartford Accident & Indemnity Company, 149 So. 2d 433 (La.App. 3 Cir. 1963); Kauffmann v. Royal Orleans, Inc., 216 So.2d 394 (La. App. 4 Cir. 1968).
Applying these principles to the facts of the instant case, we are of the opinion that the trial court’s dismissal of appellant’s suit must be affirmed. The evidence does not establish that the proprietor failed in his duty to remove the foreign substance from the floor within a reason *741 able time after the bottle was broken, in view of the convincing testimony regarding the immediate and thorough cleaning and inspection technique employed. Furthermore, the proof falls short of establishing that Mrs. Thompson fell at or near the area affected by the facial cleanser and that it was the cause of her accident.
Our study of the record convinces us that the trial judge was correct in his finding that appellant failed to carry the burden of proof encumbent upon her to establish her case by a preponderance of the evidence.
For the foregoing reasons the judgment of the district court is affirmed; the plaintiff-appellant to bear all costs.
Affirmed.