TUCKER, Judge.
The plaintiff brought this suit against the defendant insurance companies to recover damages for personal injuries, pain and suffering, residual disability and special damages, including medical and drug expenses and loss of income arising from a “slip and fall” accident which occurred on February 27, 1964 between 8:30 A.M. and 8:45 A.M. on the concrete sidewalk or apron in front of the business known as G & W Drug Store in Slidell, Louisiana. In the fall plaintiff suffered a fracture of her left tibia which allegedly incapacitated her for approximately ten months. One of the two defendants, The Fidelity & Casualty Company of New York, was erroneously styled in plaintiff’s petition as “Fidelity- *620 Phenix Insurance Companies of the Continental Insurance Companies”.
The case was tried before a jury and the jury returned a verdict in favor of the plaintiff and against the defendants in the sum of $4,350.00 with interest and costs. The lower court, after denying motions for a new trial, signed a judgment in the said amount on October 18, 1971. From this judgment the defendants have appealed.
The sole issue raised by this appeal is the contention of the defendants that the record is devoid of any evidence that would support a verdict and judgment in favor of the plaintiff under the applicable law of the State of Louisiana. The facts of the case are relatively undisputed. The plaintiff had driven her automobile to a parking spot adjacent to the G & W Drug Store shortly after 8:30 A.M. preparatory to making purchases, and in point of time it was soon after the drug store opened for business on the day in question. The weather was considerably inclement; it was apparently raining hard, as it had been for some two or three days previously. The plaintiff made her way along the sidewalk the relatively short distance she needed to proceed to reach the door of this business establishment without notable incident. She testified that she observed some scattering debris, evidently blown there by the wind and rain, as she moved toward the drug store. The plaintiff made her purchases, exited through the door, turned right and when she reached a point on the sidewalk about the center of the front end of her car, she allegedly slipped on some object, the identity of which she failed to determine, because, she said, of the substantial pain, resulting from her consequent fall which broke her left leg. Likewise she was unable to estimate the length of time this unknown object was at the site where the accident occurred.
Of course, it is clear that Mrs. Fedrowisch occupied the status of an invitee with respect to both the G & W Drug Store and the owner of the shopping center, Dr. John Kennedy, who was the lessor of the drug store premises. Fidelity insured the drug store against public liability, and Travelers insured the owner of the premises, Dr. Kennedy, against similar liability. The law requires that the lessee and lessor exercise ordinary and reasonable care in the maintenance of the premises and installations thereon to prevent an invitee from suffering injury due to such person making use thereof. There is a further duty to an invitee that no hazard be permitted to exist on the premises which could reasonably be foreseen as dangerous to the safety of an invitee. Any negligence or want of reasonable care on the part of the drug store and/or Dr. Kennedy in these particulars would render Fidelity and/or Travelers liable for injuries received by a person such as the plaintiff caused by an accident, deemed to be causally connected with such negligence and want of care.
On the other hand, the host is not the insurer of the safety and welfare of an invitee who is situated on the property.
The following correct charge as to the applicable Louisiana law was read to the jury by the trial judge, to-wit:
“I charge you that there can be no responsibility on the part of the storekeeper as a result of the customer slipping or tripping on a foreign or extraneous object unless you should first find that the object was dangerous and that the store either had actual knowledge of its presence or that the object was allowed to remain in its position for a longer period of time than that in which it should have been discovered and removed, and I charge you that the burden of proof in establishing such notice is on the plaintiff. (Emphasis added)”
Assuming that plaintiffs fall was caused by some unknown object, she had no knowledge of the identity of the alleged offending item, its nature or character. Therefore, the record is devoid of evidence indicative of the object being dangerous, which is one of the essential elements in proving liability in a “slip and fall” case. See Harper v. Great Atlantic & Pacific Tea Co., 257 So.2d 468 (La.App. 1st Cir., 1972); Sykes v. Great Atlantic & Pacific Tea Co., 206 So.2d 541 (La.App. 1st Cir., *621 1968); Meyerer v. S. H. Kress & Co., 89 So.2d 475 (La.App. 1st Cir., 1956); Joynes v. Valloft & Dreaux, 1 So.2d 108 (La.App.Orl.Cir., 1941); Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App.2d Cir., 1954); and Purcell v. Schwegmann Brothers Giant Super Market, 148 So.2d 463 (La.App. 4th Cir., 1963).
The rule stated in the preceding paragraph is a reasonable and logical one, since, if it were different in context and meaning, the host would constitute the insurer of his invitee customer, which concept does not represent the law of Louisiana.
The mere fact that the plaintiff slipped and fell on the sidewalk does not justify invoking the doctrine of res ipsa lo-quitur, the application of which doctrine would require the defendants to exculpate their insureds from negligence and want of care once the plaintiff has established merely the fall. This doctrine has no application to the facts of this case, and the burden of proving the essential elements of such a case remains with the plaintiff. See Rideau v. National Food Stores, Inc., 230 So.2d 665 (La.App.3d Cir. 1969); Pilie v. National Food Stores, 245 La. 276, 158 So.2d 162 (1963); Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App.4th Cir. 1969); and Fish v. Aetna Casualty & Surety Co., 205 So.2d 187 (La.App.2d Cir. 1967).
In further support of the aforementioned premise is the case of Lofton v. Travelers Insurance Co., 208 So.2d 739 (La.App.3d Cir.) in which the court stated as follows:
“The court is aware of the many problems which face a plaintiff in proving a slip and fall action. Rarely will the plaintiff have the names and addresses of any independent witnesses. The facts concerning the accident and the existing conditions will almost always lie within the knowledge of persons who, because of adverse interests, are reluctant to make disclosures. However, the fact that these problems exist does not relieve the plaintiff from carrying the burden of proof throughout the trial. He is not aided by any presumption from the mere fact of a fall and a resultant injury. He cannot rely on the doctrine of res ipsa loquitur.”
It is well settled law that a store owner is not the insurer of the safety of his customers. Staples v. F. W. Woolworth Co., La.App., 209 So.2d 100, and Sykes v. Great Atlantic & Pacific Tea Co., La.App., 206 So.2d 541. Furthermore, a storekeeper has no responsibility for a customer slipping or falling on a foreign object unless it is proven that the object was dangerous and that the store operator had actual knowledge of its presence or the object was allowed to remain in its position for an unreasonable length of time. See Hay v. Sears, Roebuck and Co., La.App., 224 So.2d 496. Knight v. National Food Stores of Louisiana, Inc., La.App., 142 So.2d 511. Brown v. Employers Liability Assurance Company, La.App., 233 So.2d 739.
Additionally, there is no proof in the record of actual or constructive knowledge of the existence of the alleged foreign object on the part of the storekeeper or the owner of the land and premises.
The plaintiff stresses in brief the negligence of the drug store and shopping mall owners in failing to install a regular and reasonable schedule for cleaning and sweeping the subject premises. The evidence does reflect that the maintenance of the premises with respect to cleaning and mopping away dirt and debris was spasmodic and intermittent, though it was testified that such operations were performed when the premises required such maintenance and cleaning. However, in the view of our holding that the record fails to reflect the identity of the foreign object or substance, if any, which might have precipitated plaintiff’s fall, and in the absence of proof that such object or substance was inherently dangerous, an essential element is missing in support of plaintiff’s action, and, therefore, there is no need for the court to delve into the adequacy and propriety of the manner in which the defendants maintained the premises for cleanliness and the removal of hazards therefrom.
In short the verdict of the jury and the judgment of the trial court are wholly at *622 odds with the evidence adduced at the trial of this case, and the judgment of the lower court in conformity with the verdict of the jury is manifestly erroneous.
Under the circumstances here we find no reason to delve into the realm of conjecture with respect to speculating the precise cause of the plaintiff’s fall on this rainy and inclement day, as the evidence would not support such exploration.
The judgment of the trial court is reversed, and plaintiff’s suit is dismissed. The plaintiff is cast with all costs of these proceedings.
Reversed and rendered.