TUCKER, Judge.
The plaintiffs brought this suit to recover damages for personal injuries, pain and suffering, to plaintiff, Barbara Ann Travis, and for special damages, including medical and hospital expenses for the treatment and care required by Mrs. Travis, as the result of a “slip and fall” accident experienced by her on June 21, 1970, while she was a customer in the store owned and operated by the defendant at Slidell, La.
On the subject date Mrs. Travis, accompanied by her niece, Jo Ann Penton, who drove the Travis automobile, traveled from her home in Pearl River, La. to Slidell, La. with the intention of purchasing groceries *551 at the defendant’s store. Upon arriving at the store, Mrs. Travis entered the building, obtained a grocery cart, and commenced collecting the items which she desired to purchase. After she and her niece had been in the store for some time, these parties proceeded to Aisle 9, and when she reached a point estimated about mid-way the said aisle (from the front to the back of the store), Mrs. Travis fell backward, and landed on her back and head. When Mrs. Travis fell, Miss Penton testified she was adjacent to the cart and to the right and ahead of Mrs. Travis. Apparently Mrs. Travis was pushing the cart near the merchandise shelves on the side of the aisle.
Neither Mrs. Travis nor Miss Penton were able to identify the nature or character of the foreign substance alleged to have caused Mrs. Travis’ fall. In this connection these two witnesses noted that certain parts of Mrs. Travis’ apparel were wet after she fell. Some of the witnesses observed a wet spot on the floor near the shelving area and close by the point where Mrs. Travis fell after she was removed from the floor.
The accident occurred on a Sunday morning, and the record shows that the employees on duty at the time were the manager, assistant manager and the porter. These parties denied any actual knowledge (in advance of Mrs. Travis’ fall) of any moisture or foreign substance being on the floor which would create a dangerous and perilous condition to the safety of the store’s customers. These store employees testified that the store floor had been mopped and swept on the immediately previous Saturday night, and that the store personnel maintained a set procedure at regular time intervals for mopping and sweeping the floor, and the removal of foreign objects therefrom. The porter stated in substance that his duties, among others, included the inspection of the floor surface once hourly and the spot mopping and sweeping of those areas where foreign substances were observed and located from time to time. There was other testimony that the store personnel, at about fifteen minute intervals, would check the store areas and floor surface for foreign substances so that such might be removed. The plaintiffs complain that the inspection procedures adopted by the personnel for the detection of dangerous foreign substances were inadequate and not sufficiently conducive to the discovery of substances which would pose a danger and peril to the safety of the customers, especially Mrs. Travis.
The trial court dismissed plaintiffs’ suit, and from this judgment plaintiffs have appealed. We affirm.
On appeal plaintiffs raise as issues the contentions that adequate personnel were not provided by the defendant to implement its inspection and clean-up procedures ; that there was only one porter assigned to these duties, who had several other responsibilities as well. We believe that appellants’ Specification of Error No. 2 is directed at their contention that the defendant failed to establish a “reasonably careful and frequent inspection of its premises” in order to combat its alleged liability. Specification of Error No. 3 is along the same line in that appellants question the adequacy of the procedures programed, and, if the pattern of such be deemed sufficient, such procedures were not followed on the subject day, because, otherwise, the hazardous condition would have been discovered, and steps taken to dry and clear the damp spot.
Of course, it is clear that Mrs. Travis occupied the status of an invitee to the store premises of the defendant. The law requires that the defendant store owner exercise ordinary and reasonable care in the maintenance of its premises to prevent an invitee from suffering injury due to such person making use thereof. There is a further duty to an invitee that no hazard be permitted to exist on the premises which could reasonably be foreseen as dangerous to the safety of an invitee. Any *552 negligence or want of reasonable care on the part of the defendant or its employees would render the defendant liable for injuries received by a person, such as Mrs. Travis, caused by an accident, deemed to be causally connected with such negligence or want of care.
On the other hand, the host is not the insurer of the safety and welfare of an invitee customer who is situated in the store building owned by the host.
Assuming that plaintiff’s fall was caused by some extraneous or foreign object, neither she nor Miss Penton, her niece, had any knowledge of the identity of the alleged offending item, its nature or character. It is true that defendant’s assistant manager thought that the damp or moist spot, discovered after Mrs. Travis’ fall, resembled Coca Cola, but he indicated clearly that he was not certain of the exact identity of the liquid. The plaintiff has failed to bear the burden of proving the identity of the object which allegedly caused her fall, and that the object was dangerous, which is one of the essential elements in proving liability in a “slip and fall” case. See Harper v. Great Atlantic & Pacific Tea Co., 257 So.2d 468 (La.App. 1st Cir., 1972); Sykes v. Great Atlantic & Pacific Tea Co., 206 So.2d 541 (La.App. 1st Cir., 1968); Meyerer v. S. H. Kress & Co., 89 So.2d 475 (La.App. 1st Cir. 1956); Joynes v. Valloft & Dreaux, 1 So.2d 108 (La.App.Orl. Cir., 1941); Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App. 2d Cir., 1954); and Purcell v. Schwegmann Brothers Giant Super Market, 148 So.2d 463 (La.App. 4th Cir., 1963).
The rule stated in the preceding paragraph is a reasonable and logical one, since, if it were different in context and meaning, the host would constitute the insurer of his invitee customer, which concept does not represent the law of Louisiana. It is well settled law that a store owner is not the insurer of the safety of his customers. Staples v. F. W. Woolworth Inc., 209 So.2d 100 (La.App.Orl. Cir. 1968) and Sykes v. Great Atlantic & Pacific Tea Co., 206 So.2d 541 (La.App. 1st Cir. 1968). Furthermore, a storekeeper has no responsibility for a customer slipping or falling on a foreign object unless it is proven that the object was dangerous and that the store operator had actual knowledge of its presence or the object was allowed to remain in its position for an unreasonable length of time. See Hay v. Sears, Roebuck and Co., 224 So.2d 496 (La.App. 3rd Cir. 1969), Knight v. National Food Stores of Louisiana, Inc., 142 So. 2d 511 (La.App. 1st Cir. 1962). Brown v. Employers Liability Assurance Co., 233 So.2d 739 (La.App. 4th Cir. 1970).
Plaintiffs’ contention that the defendant’s inspection procedures were either inadequate in warding against the occurrence of an accident, such as Mrs. Travis experienced, or that there was not sufficient personnel at the time to implement the procedures outlined by defendant’s employees is not borne out by the testimony. Appellants make no claim that there was actual knowledge on the part of defendant’s employees in regard to the wet place on the floor. The position of plaintiffs seems to hinge on the proposition that a proper and adequate implementation of the inspection procedures described by the store employees would have resulted in a discovery of the wet spot sufficiently in advance for it to have been cleaned up and removed before Mrs. Travis slipped and fell.
Even if the evidence would justify a holding that the record reflects convincing proof that some sort of misplaced liquid of a dangerous nature had precipitated Mrs. Travis’ fall (which we do not hold), clearing this hurdle would not benefit appellants, since the record is devoid of evidence indicating who placed the substance on the floor, when it was placed thereon and that the substance was allowed to remain in its position for an unreasonable length of time.
The facts in the case of Lang v. Winn-Dixie-Louisiana, Inc., 230 So.2d 383 (La. *553 App. 1st Cir. 1970) are inapposite to the case at bar, since in the cited case the object was identified and found to pose a dangerous and perilous condition, and due to the considerable length of time the offending item was permitted to remain on the establishment’s floor, that the defendant had constructive notice of the object’s presence on the floor surface. Consequently, under the particular facts of that case, it was held that the plaintiff had carried the burden of proving that the defendant was negligent, and such negligence was the cause of the accident and resultant injuries and damages.
Under the facts here the acceptance of appellants’ position would result in a departure from the recognized legal principles, required to be met in advance of finding liability on the part of a host store owner. Such a digression would characterize a defendant store owner as the surety of his patron in a “slip and fall” case. This is not the law of Louisiana.
The judgment of the trial court is correct and is affirmed at appellants’ costs.
Affirmed.