JULIAN E. BAILES, Judge Pro Tern.
The plaintiff seeks herein to recover from defendants, Schwegmann Brothers Giant Super Markets, Inc., and its insurer, Fireman’s Fund American Insurance Companies, damages allegedly suffered as the result of a fall in the Schwegmann Super Market in Chalmette, Louisiana. In the trial court, plaintiff was awarded a judgment against Schwegmann in the amount of $1,326.50, of which $1,000 was for pain and suffering and the balance of $326.50 was for medical and optical expenses. Schwegmann appealed suspensively and the plaintiff answered the appeal, urging that the awarded damages be increased to $3,326.50.
Our review of the record convinces us that the holding of the trial court is erroneous and must be reversed.
It was stipulated on the trial of this case, that Schwegmann alone was liable for the first $5,000 of any judgment and both named defendants would be liable in solido for any excess.
The trial court assigned no written reason for judgment, however, for it to have rendered judgment herein in favor of plaintiff, it must have found that the injuries suffered by plaintiff were caused solely and proximately by the negligence of Schwegmann. No other conclusion would support the trial court judgment.
There was no witness to the plaintiff’s fall, however there is no doubt she, in fact, did fall as the result of tripping over a box or boxes of merchandise stacked in the middle of the aisle through which plaintiff was shopping. A stock clerk went to the aid of the plaintiff while she was on the floor and assisted her to her feet.
*848 The testimony of plaintiff perhaps best explains how this accident happened, and in part, we quote :
“Q Would you tell the Court what happened in this fall ?
“A I had gone to make my groceries and I had some in the basket and I was coming from the back going towards the front of the store where the tomato paste is, in that aisle, and I was on the right-hand side and I couldn’t get to the left-hand side because there was a line of boxes from the back of the store in the center of the aisle, so I parked my basket on the right-hand side and went directly to the left-hand side and picked up two cans of tomato sauce and when I turned around to walk back, I was on the floor on top of two small boxes.
“Q Were the boxes there before ?
“A No, they weren’t there. I wouldn’t have been able to go directly across.
“Q And you travelled the same route to go to the tomato sauce counter ?
“A As I did a complete turn-around, I was on top of the boxes and then on my basket.”
Pretermitting any discussion of negligence vel non of Schwegmann under the circumstances, the defendant is not the insurer of customers in its store. See: Thompson v. Employers Liability Assurance Corporation, La.App., 233 So.2d 739; Rideau v. National Food Stores of Louisiana, Inc., La.App., 230 So.2d 665; Fedrowisch v. Fidelity-Phenix Insurance Companies of Continental Insurance Companies, La.App., 265 So.2d 618; Travis v. Winn-Dixie Louisiana, Inc., La.App., 269 So.2d 550.
The plaintiff’s evidence is devoid of any proof whatever that a Schwegmann employee placed the boxes in the path of plaintiff.
It is obvious that Mrs. Meyers was not looking or observing.the floor across which she was walking. The conclusion is inescapable that the plaintiff either stepped over the boxes as she crossed the aisle or she returned to her basket by a different route to that taken in going to the shelf to select the tomato paste. In any event, we find she was not looking where she was walking.
We conclude that her fall and resulting injuries were caused solely and proximately by her own negligence and inattention. There is no liability on the part of the defendant.
For the foregoing reasons, the judgment appealed is reversed, annulled and set aside, and there is judgment dismissing.the plaintiff’s suit at her costs.
Reversed.
LEMMON, J., concurs.