334 So.2d 756 (1976)
Mrs. Mary K. Whittaker, wife of/and John WHITTAKER
v.
SCHWEGMANN BROTHERS GIANT SUPERMARKETS and Fireman's Fund American Insurance Company.
No. 7531.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1976.
Rehearing Denied July 29, 1976.
*757 James S. Quinlivan, Jr., Jefferson, for plaintiffs-appellees.
Dillon & Williams, C. T. Williams, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, GULOTTA and MORIAL, JJ.
MORIAL, Judge.
The sole issue raised by defendants in this appeal is the contributory negligence of plaintiff, Mrs. Mary K. Whittaker.
Mrs. Whittaker testified that she was proceeding down an aisle to the rear of Schwegmann's Airline Highway store pushing her shopping basket before her as she shopped. She parked her basket on the left side of the aisle and walked to the right side of the aisle to get an item from the shelf. As she looked at the merchandise on the shelf, another patron pushing a shopping basket approached from her right and she moved backwards about three feet to allow this patron to pass in front of her. She then fell over a closed box eighteen inches high by three feet long. There is no denial that the box had been placed negligently in the aisle by an employee of defendant.
It is unrefuted that plaintiff parked her basket beyond the point where the box over which she later fell was located. She then walked at an angle past the box as she went to the shelves on the right of the aisle. Mrs. Whittaker testified that she did not see the box as she crossed the aisle. Upon this set of facts, defendants contend plaintiff was contributorily negligent relying upon our decision in Meyers v. Schwegmann Bros. Giant Super Mkts., Inc., 284 So.2d 847 (La.App. 4 Cir. 1973).
In Meyers, we concluded that the injuries which resulted from a patron falling over boxes in a supermarket aisle were caused by the patron's negligence. Our ruling therein was predicated upon the plaintiff's failure to prove that the boxes over which she fell as she made a complete turn-around were placed in her path by an employee of defendant and her equivocal testimony relating to the location of the boxes before and at the time she fell. Here, Mrs. Whittaker does not equivocate. She testified that at no time did she see the box.
We believe that under the circumstances of this case, it is reasonable for a customer who is focusing on a storekeeper's merchandise to move backwards in the aisle and away from the shelf without looking to her rear when allowing another shopper to pass in front of her.
While a storekeeper is under a duty to keep the passageway free from obstructions, a grocery store patron is under no obligation to make specific observation of the floor before taking each step. He has the right to presume that the aisles and passageways where it is intended for him to walk will be free from obstructions, especially in view of the storekeeper's presumed intention and knowledge that the customer will devote the major portion of his or her attention to inspecting the merchandise deliberately displayed to attract the customer. See Kavlich v. Kramer, La., 315 So.2d 282 (1975) and cases cited therein.
*758 There is nothing in the record to indicate that the trial court committed manifest error in apparently holding that the evidence failed to establish any contributory negligence on the part of Mrs. Whittaker. The burden of proving contributory negligence is, of course, upon the defendant, and the evidence fails to preponderate in favor of this affirmative defense.
The trial judge awarded Mrs. Whittaker the sum of $10,000.00 for her injuries and for the pain and suffering she endured as a result of the accident. She contends that the award should be increased to $25,000.00.
After considering the nature of the injuries sustained by Mrs. Whittaker, we are of the opinion that the award of $10,000.00 is fair and adequate. The award substantially compensates her for her injuries and does not amount to an abuse of the "much discretion" vested in the trial judge in fixing damages. See LSA-R.C.C. 1934(3) and Bitoun v. Landry, La., 302 So.2d 278 (1974).
AFFIRMED.