McINNIS, Judge.
This is a suit by the plaintiff to collect an account amounting to $511 for putting down 1,022 square yards of asphalt paving in front of defendant’s place of business at Ringgold, Louisiana, after the State had black topped the highway in front of his place and left it unsatisfactory to defendant. Defendant denied employing the plaintiff to do the work or promising him to pay him for the work.
After trial on the merits the lower Court, for oral reasons assigned, rendered judgment in favor of the plaintiff as prayed for, and from this judgment the defendant prosecutes a suspensive appeal.
Only three witnesses testified on the trial of the case — 'plaintiff and defendant and his wife. The wife’s testimony was of no particular benefit to either party because she apparently knew very little about it. From the record it appears that after the State had paved the road in front of de *499 fendant’s premises the defendant called on Mr. Lawrence Wimberly, Chairman of the Highway Board, and requested that the State do the work so as to leave his premises in better condition, but Wimberly told him that the work could not be done, as defendant says, by using State equipment, and apparently made no promise to him to pay for having the work done, but told him that he thought he could get someone to do the work for him, and Wimberly then contacted plaintiff and suggested that he call the defendant about the work.
Plaintiff’s testimony is to the effect that he called the defendant and explained to him that he had been requested by Mr. Wimberly to call him and that he told defendant the price of the work would be fifty cents per square yard, and that defendant told him to go ahead and do the work, which he did. Defendant admits that the price of the work was mentioned, as said by plaintiff, but contends that he did not agree to pay it, and that he was not interested in the price because the State was to pay it, and this is about the extent of the testimony relative to the trade. The work was done and a bill was sent to defendant, which he did not pay, and after about a month or more plaintiff called defendant by telephone and made several trips to see him about the account and defendant contended that the State should pay it, though 'plaintiff says defendant told him he would see that it was paid but he was going to try to make the State pay it. Defendant argues, correctly, that the burden is on plaintiff to make out his case by a preponderance of the evidence. -It is also correct to say that when the unsupported testimony of plaintiff is contradicted by the testimony of defendant and the credibility of neither is attacked, plaintiff is held not to have made out his case. This rule applies, however, when there is no corroborating evidence or circumstances.
Corroborating plaintiff’s contention is the fact that he did the work to defendant’s knowledge, and defendant also admitted that plaintiff told him the 'price of the work would be fifty cents per square yard. If plaintiff called defendant to tell him that the State had employed him to do this work, there would have been no reason to say anything about the cost of the work and the fact that cost was discussed leads to the conclusion that there was an agreement between them that defendant would pay for the work.
Actually, only questions of fact are involved in this case and the facts having been resolved by the lower Court in favor of the plaintiff is entitled to- great weight, and the judgment is not to be reversed unless the finding of fact of the lower Court is manifestly erroneous, and in this case it is not, in our opinion, erroneous. We agree that the judgment appealed from is correct.
For these reasons the judgment appealed from is affirmed at the cost of defendant in both Courts.