GLADNEY, Judge.
This action in tort arises out of a collision which occurred at the intersection of West College Street with Hearne Avenue about 12:30 P.M. on December 13, 1963 in the City of Shreveport. Plaintiff, Claude W. Ragsdale, names as defendants Donald R. Leavell and G. E. Dormer, the operator and owner, respectively of an International truck which was insured by defendant, Canal Insurance Company. Judgment rendered after a trial of the case on its merits rejected plaintiffs demands and he has appealed.
At the intersection Hearne Avenue is a four-lane thoroughfare, concrete surfaced, with neutral ground and runs north and south. West College is a two-lane straight hard-surfaced street running east and west. Traffic at the intersection is controlled by a conventional, electric, automatic, green-amber-red traffic light. Ragsdale was traveling north on Hearne in his Buick automobile and was approaching the intersection of Hearne and West College. Leavell was also traveling north on Hearne Avenue driving an International truck-trailer belonging to G. E. Dormer. Also traveling on Hearne was Maylon D. Humphries driving a Valiant automobile owned by Liberty Mutual Insurance Company. Traveling behind the Valiant in the inside traffic lane was Staff Sergeant Howard E. McMullen of Barksdale Air Force driving a pick-up truck. Humphries brought his vehicle to a stop in the inside lane close to the intersection in obedience to a red light. McMul- *76 len did the same, stopping his truck immediately behind the Valiant. While these two vehicles were thus at rest, the Buick automobile was truck by the International truck in the outside or curb lane of Hearne Avenue close to the intersection.
Ragsdale’s contention is that while his car was stopped at the south edge of the intersection in the curb or outside lane waiting for the red light to change to green Lea-vell drove the front of his truck against the rear of the Buick, the impact of which has occasioned the damages for which this suit was brought. In denying liability the defendants contend that Ragsdale was about to bring his Buick automobile to a stop position in the inside lane for northbound traffic when he suddenly drove it into the outside or curb lane at a time when the truck, traveling in the outside lane, was so close Leavell could not avert a collision. As a result of its contact with the Buick the truck veered to the left and struck the Valiant automobile, the damage to which was involved in another suit.
The primary issues raised herein are of a factual nature and require resolution as to whether the Buick automobile was stopped in the outside or curb lane when hit by the truck, the position taken by Ragsdale, or whether the accident was occasioned because Ragsdale suddenly changed his position from the inside traffic lane to the outside traffic lane in such proximity to the course of the truck that Leavell could not avoid a collision between the two vehicles.
Testimony of importance was given by Humphries, Sergeant McMullen, Leavell and Ragsdale. Humphries testified his Valiant automobile was stopped at the intersection and he was looking at the red light when he heard the collision behind him; and in a few seconds he felt an impact against his car, and saw the Ragsdale car propelled through the intersection. He testified there was no other vehicle occupying the outside lane at the time he heard the first collision and at that time the traffic light was red for traffic on Hearne. Immediately after the accident he said he inquired of Leavell what had happened and the latter told him: “I couldn’t stop; he pulled in front of me.” It was not until after the accident that Humphries observed the pickup truck driven by Sergeant McMul-len in the same lane and about one-half car length behind his own vehicle.
Sergeant McMullen testified he had driven into the inside lane behind the Valiant as he intended to make a left turn on West College; that after he had been stopped about thirty seconds he observed that the light was changing from red to green; that upon looking into his rearview mirror he saw the Buick approaching from behind in the inside lane; and when that car was within 15 or 20 feet he saw the driver of the Buick turn from the inside lane into the outside lane. At that moment he noticed the truck was only 10 or 15 feet behind the Buick and observed that the brakes on the truck locked its wheels but the truck then slid into the rear of the Buick, the collision occurring in the outside lane about the time the Buick attained a parallel position with his own vehicle.
Contrary to the testimony of Sergeant McMullen and that of Humphries, Ragsdale testified that upon approaching the intersection he pulled up to the right and had stopped in the outside lane five seconds prior to the impact when his car was struck from the rear by the truck. Leavell testified that he had been traveling 30 to 35 miles per hour, and had reduced his speed to about 25 miles per hour when the Buick automobile attempted to change its position from the inside traffic lane to the outside traffic lane; that the traffic light turned to green when he was about 150 feet from the intersection and at that time Ragsdale was traveling in the inside lane and appeared to be either stopped or slowing down for the purpose of stopping in that lane; and it was at that time Ragsdale moved to the right at a slow rate of speed, about 10 to 15 miles per hour when his truck was only two or three car lengths from the Buick.
*77 Plaintiff’s counsel has invoked the doctrine of res ipsa loquitur, citing Steadman v. American Fidelity and Casualty Company, La.App., 113 So.2d 489 (2nd Cir.1959). The case involves a motorist who after driving slowly across a busy intersection stopped his vehicle in the intersection because of congested traffic and was then struck from the rear by a heavily loaded truck. The application of the doctrine requires, inter alia, circumstances which show that the offending automobile caused the damage while under the exclusive control of its driver, and that the accident would not ordinarily have occurred if the party having control had used proper care. Once the doctrine of res ipsa loquitur is recognized as a result of the establishment of a prima facie case, the burden of proof is placed upon the offending motorist to exculpate himself from fault. The doctrine is without application in the instant case under the established facts.
The preponderance of the evidence discloses plaintiff was engaged in shifting from one traffic lane to another while in such proximity to an approaching truck that the driver of the latter vehicle had no opportunity to avert the resulting collision. The action of Ragsdale was clearly in violation of certain provisions of the highway regulatory act and particularly LSA-R.S. 32:79 and 104. Section 79 provided that where a roadway has been divided into two or more clearly marked lanes for traffic a vehicle shall be driven as nearly as practicable entirely within a single lane and should not be moved from such lane until the driver has first ascertained that such movement can be made with safety. Section 104 prohibits a motorist from turning a vehicle from a direct course to right or left upon a roadway, unless and until such movement can be made with reasonable safety.
Clearly upon the established facts the sole proximate cause of the accident was the negligence of Ragsdale in attempting to change traffic lanes when it was unsafe to do so.
The judgment of the trial court will be affirmed at appellant’s cost.