227 So.2d 180 (1969)
George E. ANTHONY et ux., Plaintiffs-Appellants,
v.
STATE FARM MUTUAL INSURANCE COMPANY et al., Defendants-Appellees.
No. 11261.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
*181 Love, Rigby, Donovan, Dehan & Love, Shreveport, R. J. Donovan, Jr., Shreveport, of counsel, for plaintiffs-appellants.
Lunn, Irion, Switzer, Johnson & Salley, Shreveport, Harry A. Johnson, Jr., Shreveport, of counsel, for defendants-appellees.
Before AYRES, DIXON and PRICE, JJ.
AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover damages resulting from a motor vehicle collision. She claims compensation for personal injuries and he, property damage to the family automobile, medical expenses incurred and to be incurred in the treatment of the wife's injuries, and for loss of her wages. From a judgment rejecting their demands, plaintiffs appeal.
The accident occurred on East Kings Highway in Shreveport near noon June 17, 1966. This 4-lane street, a main city thoroughfare, traverses the city in an east and west course. Involved in the collision were a Ford Galaxie driven by plaintiff Mrs. Anthony and a Rambler driven by Helen Rita Bruce, now Mrs. Allen. Both vehicles were proceeding westerly with plaintiff's Ford in the lead. The street surface was wet from a rain which had not completely abated. The accident occurred in the outer westbound traffic lane. The left front of defendant's vehicle struck the right rear of plaintiff's car.
Negligence directed to defendant's driver, in approaching plaintiff's vehicle from the rear, included charges of excessive speed, failure to slow down, to apply her brakes, or to maintain a proper lookout. Defendants denied these specifications of negligence and charged that the accident was due to the fault of plaintiffs' driver in changing from the inner to the outer westbound traffic lane immediately in front of defendant's car at a time when the distance between the two cars was too short to permit defendant driver's stopping or taking other evasive action to prevent the collision. Thus, plaintiff driver is charged with negligence in changing traffic lanes in the multilane street without giving a signal indicating an intention to do so and without first ascertaining that the movement could be safely made. Additional charges of negligence relate to plaintiff driver's failure to maintain a proper lookout, to observe the approach of defendant's vehicle, and in leaving a place of safety. Plaintiff is alleged to have thereby created a danger which defendant driver was unable to avoid.
Separate theories are presented by plaintiffs and defendants as to the cause of the accident. Plaintiffs characterize the accident as a typical rear-end collision wherein the driver of the following car is presumed to be prima-facie negligent, a consequence of which it is incumbent upon her to exculpate herself from fault. Defendants' contention is that plaintiff driver changed traffic lanes without giving a signal of the intended maneuver and at a time when it was unsafe for her to do so. Under these circumstances, it is further contended the burden was on plaintiff driver to ascertain that the movement could be made in safety. Thus, the question as to who has the burden of proof is dependent upon which of the opposing theories has application.
*182 This is a factual matter to be resolved on the basis of the record. The drivers of the cars were the only eyewitnesses testifying with reference to the occurrence. Both had entered Kings Highway several blocks east of the scene of the accident. Plaintiff Mrs. Anthony testified that upon entering the street she at first occupied the inside westbound lane, but, prior to the accident and at a distance away, estimated by her at 200 feet, she changed to the outer lane. Her testimony is that she noted at the time no traffic in that lane; that she traveled some appreciable distance in that lane before her vehicle was struck by defendant driver's automobile. She admitted, however, having stopped in the inner traffic lane, due to the stoppage of forward cars in that lane, before changing to the outer lane. Defendant driver testified she had occupied the outer traffic lane since she had entered the street; that her lane of travel remained clear of traffic; that in the inner lane to her front a car had stopped to await clearance of eastbound traffic before making a turn to its left. As a consequence, she said, several cars behind the stopped vehicle were likewise required to stop; that one of these vehicles, plaintiff's vehicle, left its position in the lineup and suddenly entered the outer lane in front of her vehicle at such a short distance as to afford her neither time nor opportunity to take any effective action to avoid the accident. Defendant driver testified the accident occurred when plaintiff's vehicle swerved into the outer traffic lane in front of her car.
There is an irreconcilable conflict in the testimony of the two drivers. Contained in the record is testimony supporting the trial court's finding of fact that plaintiff driver attempted a change of traffic lanes at a time when it was unsafe and without making an appropriate observation of traffic conditions. No manifest error warranting a contrary conclusion has been established.
Plaintiffs, nevertheless, strenuously insist that since the accident occurred in the outer traffic lane of the street, occupied by their driver, the burden was upon defendants to exculpate or excuse their driver from negligence, and that, inasmuch as defendant driver's testimony is contradicted by that of plaintiffs' driver, this burden has not been sustained by defendants through a preponderance of evidence.
There is no disagreement with the principle of law relied upon by plaintiffs, so often emphasized, that the operator of a following vehicle must keep his own vehicle under control, closely observe the forward vehicle, follow at a safe distance, and, if a rear-end collision occurs, he is presumed to be prima-facie negligent.
Nor is there any disagreement with the rule that a party having the burden of proof has not sustained that burden where his testimony is contradicted by that of an opposing party and where the credibility of neither is attacked. Walker v. Walker, 159 So.2d 344 (La.App., 2d Cir. 1963); Peters v. Great Atlantic & Pacific Tea Co., 72 So. 2d 562 (La.App., 2d Cir. 1954); Winford v. Wilson, 59 So.2d 498 (La.App., 2d Cir. 1952).
The difficulty encountered by plaintiffs, however, is that the accident with which we are now concerned was not shown to have been what is generally and truly characterized as a rear-end collision. To the contrary, it is one occasioned by a change of traffic lanes. This situation is therefore governed by the rule that where a roadway has been divided into two or more traffic lanes:

"A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." (Emphasis supplied.) LSA-R.S. 32:79, subd. (1).
This rule has been generally given effect. Byrnes v. Bostick, 214 So.2d 179 (La.App., 4th Cir. 1968writ refused); Bridges v. Wm. T. Burton Industries, Inc., 193 So.2d *183 886, 889 (La.App., 3d Cir. 1967); Ragsdale v. Canal Insurance Company, 185 So.2d 75 (La.App., 2d Cir. 1966); Zurich Insurance Co. v. Grain Dealers Mutual Ins. Co., 169 So.2d 6 (La.App., 2d Cir. 1964).
As was pointed out in Bridges v. Wm. T. Burton Industries, Inc., supra, where it was established that a change of lanes was made at a time when the overtaking motorist was so close as to render the maneuver unsafe, as is borne out by the record before us, the courts of this State have held that the greater care placed upon the lane-changing motorist requires that he be charged with the consequences engendered by his negligent act.
A motorist whose vehicle is struck from the rear by reason of his inopportune change of lanes may not thereby convert the occurrence into a rear-end collision so as to impose the burden upon the other motorist to exculpate himself from negligence. In such cases, plaintiffs have the burden to establish, by a reasonable preponderance of evidence, the facts upon which they rely, that is, in this instance, that a rear-end collision occurred. Otherwise a defendant would bear the burden of establishing his freedom from fault in all cases involving accidents occasioned by a forward motorist's changing of traffic lanes. Such a shift of the burden of proof is neither authorized nor countenanced by statutory enactments or by pronouncements found in the jurisprudence.
From our review of the record, we find ourselves in agreement with the conclusion reached by the trial court, that defendant driver was free from fault, and that the accident resulted from the negligence of plaintiffs' driver. In no event could it be said there was manifest error in the findings made by the trial court.
The judgment appealed is accordingly affirmed at plaintiffs-appellants' costs.
Affirmed.