CHASEZ, Judge.
This litigation arises out of a slip and fall accident. The plaintiff-appellant, Mrs. Rose Márchese La Fleur, a patron and business invitee of White System, Inc., defendant-appellee, slipped and fell in an office of the finance company owned by defendant. Suit was brought against defendants for personal injuries allegedly sustained as a result of the fall. From a judgment in favor of defendants dismissing their suit, plaintiffs have appealed.
The case revolves around questions of fact which are in dispute. An analysis of the facts shows that Mrs. La Fleur went to the finance company to make a payment on h,er account. She proceeded to the payment counter where she was waited on by Mrs. Virginia Causey, a cashier-bookkeeper for the finance company. Mrs. La Fleur maintained that her payment book did not reflect a previous payment made by her and she announced that she wanted to speak to the manager. Mrs. La Fleur’s account was at the Camp Street office of the White System, Inc., in New Orleans but she wanted to make this payment at the Me Shane Place office. A telephone call was placed by the Me Shane Place Office Manager, Mr. William F. Booty, to the Camp Street office. An official there told Mr. Booty that he would like to speak to Mrs. La Fleur on the telephone. In order to reach the telephone it was necessary for Mrs. La Fleur to walk to her left around the end of the payment counter, into the open area behind it, and over to Mr. Booty’s desk (on which was the telephone). The floor in the office, both behind the counter and in front of it, was asbestos tile which had been put down only two or three months prior to the accident.
Mrs. La Fleur, whose left leg had been amputated early in life and who wears an artificial leg, testified that upon taking a few steps behind the counter she slipped and fell to the floor. She stated that when she got up the “floor looked real shiny and kind of damp.” She testified that she fell to both knees. She noticed nothing on the floor except a three to four inch skid mark left by her shoe. She says she knows the floor was damp because her dress was wet all along the front and right side.
*143 Mrs. La Fleur attempted to corroborate the fact that her dress was wet by the testimony of Mr. Herman Cavalier who was a repairman and who had gone to the home of Mrs. La Fleur that same afternoon. He met her in front of her home as she returned from the finance company’s office. Mrs. La Fleur told him she had had an accident but did not discuss any details. Mr. Cavalier testified that as he followed Mrs. La Fleur up the stairs he noticed a spot on her dress. He did not remember the size of the spot, could not say for sure where it was located but thought it to be on the right side of her dress and could not say definitely that it was water, but in fact stated that “it could have been anything.”
Mr. Booty, the manager of the office, testified that Mrs. La Fleur did in fact slip, but not all the way to her knees; that she only slipped almost to one knee. He further testified that she arose immediately without assistance and continued to his desk to talk on the phone. He recalled that Mrs. La Fleur said she was not hurt and that she declined his offer of medical assistance. After completing her business she left the office without assistance.
Mr. Booty further testified that both he and Mrs. Causey crossed the area where Mrs. La Fleur slipped, many times during the day, both before and after the accident, and he saw no water or any foreign matter which would cause the floor to be slippery; nor did he see anything on the floor immediately after the accident, with the exception of the skid mark. He testified that on his recommendation the floor had been re-tiled about three months prior to the accident with an asbestos tile. The cleaning procedure was daily sweeping after office hours, general cleaning on weekends, including sweeping and mopping and, about once a month the floor was stripped of wax and re-waxed.
Mrs. Causey’s testimony corroborated Mr. Booty’s. She testified that she did not actually see Mrs. La Fleur slip because her back was turned, but she did turn around when the accident occurred and observed Mrs. La Fleur in a “half-genuflecting position.” She also stated that Mrs. La Fleur arose on her own unaided and proceeded to Mr. Booty’s desk and after she had concluded her business she left without any assistance. She stated that she heard Mrs. La Fleur decline medical attention offered by Mr. Booty.
Mrs. Causey also corroborated Mr. Booty’s testimony to the effect that there was no foreign matter on the floor. She testified that she did not see any during the day before or after the accident and she had many times crossed the spot where Mrs. La Fleur slipped.
The only other witness to testify was Robert Ishman who performed porter duties at the office. He testified to the cleaning procedures used and stated that he sweeps every night and on weekends gives the office a general cleaning and that he waxes the office about every two months, or whenever it needs it. He testified that when waxing he would first strip off the old wax and then wax and buff the floor. He also testified that since the new floor had been put in some three months previous he had only waxed twice.
The only other pertinent facts are that Mr. Booty and Mrs. Causey testified that the accident occurred on a Friday and that it was rainy. Mrs. La Fleur testified that the accident occurred on a Monday and that it was a nice day. No records of the finance company were introduced to show what day it was. Since Mrs. La Fleur made a payment that day it would seem that some record should reflect that fact. Mr. Herman Cavalier was not questioned as to what day of the week it was. On behalf of plaintiff the official weather report for Monday, October 26, 1964 for the City of New Orleans was introduced which showed no rain for the city. However, the only two points from which the precipitation was measured was the Audubon Park station and the New Orleans International Airport station, while the accident oc *144 curred at Me Shane Place which is miles from either station. It is not unreasonable to assume that it could have been raining at Me Shane Place and not at either of the other two places. Moreover, the weather report was for Monday, October 26, 1964. If the accident indeed occurred on Friday, October 23, 1964, as contended by defendants, then Monday’s weather report would be of no consequence.
The law with respect to slip and fall accidents is well settled. The general principles of law applicable to this type of accident were well defined by Judge Cul-pepper of the Third Circuit in the case of Levine v. Hartford Accident & Indemnity Company, La.App., 149 So.2d 433 (3rd Cir.1963) where he stated at page 434:
“The general principles of law applicable in these slip and fall cases are well established in our jurisprudence. It is fundamental that the owner of a business establishment is not the insurer of the safety of visitors. He need only keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. See Meyerer v. S. H. Kress & Co., La.App., 89 So.2d 475 and Peters v. Great Atlantic & Pacific Tea Co., La.App., 72 So.2d 562 and the cases cited therein. The mere fact that a visitor is injured on the premises does not create a presumption of negligence. In order to recover, a visitor must prove a breach of the duty of the owner to use reasonable care. See again the Meyerer case and the Peters case, supra, and the authorities cited therein. The doctrine of res ipsa loquitur is inapplicable in these cases. Peters v. Great Atlantic & Pacific Tea Co., supra, and the authorities cited therein. Finally, if the alleged slip and fall is alleged to have been caused by an extraneous object or substance on the floor, it must be shown that the owner had either actual or implied knowledge of the extraneous substance for such a time that the owner had an opportunity to remove it. In other words, it must be shown that the owner or his employees placed the extraneous substance there or, if placed by someone else, that the owner or his employees had actual knowledge of the presence of the substance or that it had remained in such a position of danger for such a length of time that the owner or his employees should have had knowledge of the substance and removed it. The claimant bears the burden of proving these facts. Peters v. Great Atlantic & Pacific Tea Co., supra, and the authorities cited therein; Le Jeune v. Hartford Accident & Indemnity Co., La.App., 136 So.2d 157 (3rd Cir.App. 1962, writ of certiorari denied); Wisckol v. Connecticut Fire Ins. Co., 145 So. 2d 89 (4th Cir.App.1962).”
Applying the facts of this case to these principles, we find that Mrs. La Fleur has not proved her case by a preponderance of evidence.
From the testimony and the pleadings it can be seen that the thrust of Mrs. La Fleur’s claim is that there was water on the floor. It was, therefore, incumbent on her to prove that the water was there, that it was placed there by the employees of the finance company or that the employees either knew the water was there or that the water had been there for such a length of time that they would be charged with constructive, notice that the water was there. This Mrs. La Fleur has failed to do. She testified that her dress was wet all along the right side and the front. Yet, by her own testimony, she fell only to her knees in a knee length dress. She stated that the floor looked “kinda damp and shiny”. This does not prove that water was on the floor. She has offered no proof as to the other elements of proof of her cause of action. The testimony of both Mr. Booty and Mrs. Causey directly opposed that of Mrs. La Fleur. It is well settled that where the unsupported testimony of plaintiff is contradicted by *145 the testimony of the defendants and the credibility of neither is attacked and there is no corroborating evidence or circumstances, the plaintiff is held not to have made out his case. Anthony v. State Farm Mutual Insurance Co., La.App., 227 So.2d 180 (2nd Cir.1969); Walker v. Walker, La.App., 159 So.2d 344 (2nd Cir.1963).
We hold that Mrs. La Fleur has not proved her case by that preponderance of evidence necessary to substantiate her position and that the judgment of the court a quo dismissing her suit is entirely correct.
For the foregoing reasons the judgment of the lower court rendered in favor of defendants, White System, Inc. and Western Casualty and Surety Company, and against plaintiffs, Rose Márchese, wife of/and Camille La Fleur, dismissing plaintiffs’ suit at their cost is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.