242 So.2d 582 (1970)
Herbert JEFFERSON and Josie Jefferson
v.
Lois P. STRICKLAND and Theadore Strickland.
No. 8150.
Court of Appeal of Louisiana, First Circuit.
December 21, 1970.
*583 Joseph B. Dupont, of Dupont & Dupont, Plaquemine, for appellants.
Calvin E. Hardin, Jr., of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and PICKETT, JJ.
PICKETT, Judge.
This is a suit for damages arising out of an automobile accident that occurred on June 10, 1968, at approximately 9:45 A.M., in which the plaintiffs, Herbert Jefferson and Josie Jefferson, sustained personal injuries. Plaintiff, Herbert Jefferson, seeks recovery of special damages for automobile repairs and expenses incident to his wife's injuries. Mrs. Lois P. Strickland, appearing individually and as the duly qualified natural tutrix of her minor son, Theadore C. Strickland, III, made defendant in this case, answered the plaintiffs' demands with a general denial of liability, and in the alternative, plead contributory negligence on the part of the plaintiffs. Then, assuming the position of plaintiff in reconvention, the defendant, Mrs. Lois P. Strickland, alleged that the plaintiff, Herbert Jefferson was negligent, and that his negligence was the sole cause of the accident, and that he was indebted unto her in the sum of $100.00. The defendant in reconvention, Herbert Jefferson, answered the reconventional demand and denied any liability to the plaintiffs in reconvention. The Aubudon Insurance Company, intervened and alleged that it had in force and effect a policy of collision insurance issued in favor of the plaintiffs, Herbert Jefferson and Josie Jefferson, covering a 1961 Ford automobile owned by Herbert Jefferson, which was involved in the accident on June 10, 1968, and asked for judgment against Mrs. Strickland for the sum of $364.50, the amount paid out by it under the collision policy which covered the Jefferson automobile.
After a trial on the merits, the Trial Court rendered a judgment rejecting the demands of the plaintiffs and the intervenor, Audubon Insurance Company; and rendered a judgment in favor of Mrs. Lois P. Strickland as plaintiff-in-reconvention and against Herbert Jefferson, as defendant-in-reconvention, for the sum of $100.00. The Audubon Insurance Company, Herbert Jefferson and Josie Jefferson have appealed.
The collision occurred on the New Mississippi River Bridge on Interstate Highway 10, near the eastern most extension of the superstructure of the bridge. At this point the Highway extends in a generally east to west direction. At the time of the accident there were three lanes of traffic for vehicles traveling in each direction. The outside lane of traffic for westbound vehicles was barricaded and closed to traffic, at the time of the accident, because of construction work that was being carried on.
The testimony is in conflict. The plaintiff, Herbert Jefferson, testified that he was, prior to the accident, traveling west in the outside traffic lane of the two westbound lanes, when he saw a school bus stopped or stalled in his lane about a block and one-half ahead of him. He said he looked in his rear view mirror, saw no approaching vehicles, and, then, pulled into the inside traffic lane in order to pass the school bus. Just after he had passed the school bus the Strickland vehicle ran into the rear of his automobile. Herbert Jefferson admitted that he did not see the Strickland vehicle before it struck his automobile.
On the other hand, Theadore C. Strickland, III, traveling west testified that prior to the accident he was traveling west 55 to *584 60 miles per hour in the inside lane of traffic when the Jefferson vehicle "darted" from behind the bus into his traffic lane about 60 feet ahead of him. He immediately began applying his brakes, but was unable to stop his vehicle before the collision occurred. Strickland said he was unable to take evasive action because the bus and other cars following the Jefferson vehicle, at the time it turned into his lane, prevented his turning into the right lane.
R. Leonard Ortego was a member of the Baton Rouge Police force at the time of the accident and he investigated the accident. He testified that there were three westbound traffic lanes where the accident occurred, but that the outside lane was barricaded at that time, so that only the middle lane and the inside lane were in use. The accident occurred in the inside westbound lane. He said looking east from where the accident occurred the highway was straight, and that approaching vehicles could be seen several hundred feet. There was nothing to obscure the vision. When he arrived at the scene of the accident, he found the bus had rolled back some distance from the collision point, and the Strickland vehicle was in the left hand or inside lane and the Jefferson automobile was in the right hand lane some distance ahead of the Strickland car, and that both vehicles were west of the collision point. He found no skid marks; but he explained that one of the vehicles had been on fire and the fire department arrived at the accident scene before he did and had thrown water on the road. He, also, mentioned that there had been considerable traffic before he arrived, which could have obliterated any skid marks.
Counsel for the plaintiffs contend that this accident is a typical rear-end collision wherein the driver of the following vehicle is presumed to be prima facie negligent. Hence, it is incumbent upon him to exculpate himself from fault. On the other hand the defendant contends that the plaintiff driver changed lanes at a time when it was unsafe for him to do so. Therefore, the defendant further contends the burden was on the plaintiff driver to ascertain that the maneuver could be safely made. The question of who has the burden of proof is dependent upon which of the two opposing theories is applicable.
The plaintiffs have cited a number of cases in support of their contention that the operator of a following vehicle must keep his vehicle under control, follow at a safe distance, and, that if a rear-end collision occurs, he is presumed to be prima facie negligent. There is no disagreement with this principle of law. However, the defendant contends that the plaintiff driver left a place of safety in the outside lane and changed to the inside lane at a time that it was not safe to do so. In the case of Anthony v. State Farm Mutual Insurance Company, La.App., 227 So.2d 180, the court said:
"A motorist whose vehicle is struck from the rear by reason of his inopportune change of lanes may not thereby convert the occurrence into a rear-end collision so as to impose the burden upon the other motorist to exculpate himself from negligence. In such cases, plaintiffs have the burden to establish, by a reasonable preponderance of evidence, the facts upon which they rely, that is, in this instance, that a rear-end collision occurred. Otherwise a defendant would bear the burden of establishing his freedom from fault in all cases involving accidents occasioned by a forward motorist's changing of traffic lanes. Such a shift of the burden of proof is neither authorized nor countenanced by statutory enactments or by pronouncements found in the jurisprudence."
There is an irreconcilable conflict in the testimony of the two drivers. The plaintiff driver testified that he looked in his rear view mirror and not seeing any vehicle in the inside lane, he turned into that lane about one block behind that bus. The defendant driver testified that he was at all times in the inside lane, and, that he *585 was overtaking the bus which had stopped or was going very slowly in the outside lane, the plaintiff vehicle darted out about 60 feet in front of him into his lane and that although he did all that he could to avoid striking the plaintiff's vehicle, he could not avoid doing so. The evidence that the defendant driver was in the inside lane at all times is not disputed. It is not disputed that the plaintiff driver changed traffic lanes just before the collision occurred. LSA-R.S. 32:79, subd. (1), provides:
"A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
A change of lanes was made by the plaintiff driver. The burden of proof was on him to show that he complied with the above cited statutory provision. His testimony is contradicted by the defendant driver. In Anthony v. State Farm Mutual Insurance Company, supra, the court said:
"Nor is there any disagreement with the rule that a party having the burden of proof has not sustained that burden where his testimony is contradicted by that of an opposing party and where the credibility of neither is attacked. Walker v. Walker, 159 So.2d 344 (La.App., 2d Cir. 1963); Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App., 2d Cir. 1954); Winford v. Wilson, 59 So.2d 498 (La.App., 2 Cir. 1952)."
The Trial Judge found the negligence of the plaintiff driver was the sole cause of the accident. No rule is more firmly established in our jurisprudence than that, in the absence of manifest error, the trial judge or jury will not be reversed on question of fact dependent upon the credibility of witnesses. In the case of Orlando v. Polito, 228 La. 846, 84 So.2d 433, the Court said:
"It is well settled that the trial judge's findings on question of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 So. 528; Barnes v. Le Blanc, 207 La. 989, 22 So.2d 404; Plunkett v. United Elec. Service, 214 La. 145, 36 So.2d 704, 3 A.L.R.2d 1437."
Our examination and review of this record fails to disclose manifest error on the part of the Trial Judge.
For the foregoing reasons the judgment of the Trial Court is affirmed. All costs to be paid by plaintiffs-appellants.
Affirmed.