252 So.2d 697 (1971)
David D. DIAZ
v.
Evans BREAUX, d/b/a Breaux Dragline Matt Co.
No. 8543.
Court of Appeal of Louisiana, First Circuit.
September 2, 1971.
*698 Gordon Hackman, Boutte, for appellant.
Edward T. Diaz, of Diaz & Herrin, Golden Meadow, for appellee.
Before LANDRY, BLANCHE and TUCKER, JJ.
BLANCHE, Judge.
Plaintiff sued for the amount due as rental of certain dragline matts. The defendant denied that the matts were rented to him and contends that he entered into an agreement with the plaintiff whereby the defendant would rent the matts to John W. Smith Well Service and in return therefor would receive a commission equal to one-third of the rental price. The plaintiff denied entering into this agreement with the defendant and countered that the only agreement with the defendant was to rent him the matts at the price of twenty dollars per day. The defendant, in final settlement of the sums received from the John W. Smith Well Service, remitted to plaintiff two-thirds of the rental price and retained one-third as his commission. The trial judge gave judgment to the plaintiff for $433.33, which amount was the same amount which defendant retained as his commission.
The defendant has appealed and assigned three specifications of error, only one of which we believe requires an answer.
The defendant's principal assignment of error is the trial judge's acceptance of the plaintiff's uncorroborated testimony as sufficient to establish a preponderance of evidence necessary to support a judgment in his favor.
We recognize the rule that when the unsupported testimony of plaintiff is contradicted by the testimony of the defendant, the credibility of neither is attacked, and there is no corroborating evidence or circumstances, then the plaintiff is held not to have made out his case. Anthony v. State Farm Mutual Insurance Company, 227 So.2d 180 (La.App.2nd Cir. 1969), Walker v. Walker, 159 So.2d 344 (La.App.2nd Cir. 1963), La Fleur v. White System, Inc., 235 So.2d 141 (La.App.4th Cir. 1970).
The pivotal question is whether the matts were rented to the defendant or whether there was an agreement whereby the defendant was to rent plaintiff's matts to the John W. Smith Well Service and retain a commission. The plaintiff was the owner of the matts, as they were sold to him by the defendant. There is no question in the case that the matts were, in fact, rented; that the matts were ultimately rented to the John W. Smith Well Service; that when their use was ended, they were returned to the plaintiff; and that they *699 were rented at the rate of twenty dollars per day.
The evidence shows that the plaintiff sent invoices to the defendant for the rental of the matts and that the defendant never questioned them in any way. In fact, the invoice for rental of the matts dated October 20, 1969, for the period of August 9 to August 31, 1969, for $460 was paid by the defendant without retaining therefrom the commission to which he claims he was entitled.
We view the foregoing evidence as corroborating the plaintiff's claim that the matts were rented to the defendant and find the plaintiff has proved his claim by a preponderance of the evidence.
On the other hand, the only evidence in the record to support the defendant's claim that plaintiff agreed to pay him a commission is his own uncorroborated testimony. Indeed, defendant's testimony in this regard negates any discussion having taken place between plaintiff and defendant with regard to payment by plaintiff to defendant of any commission when defendant first rented the matts. (Record, p. 52) Therefore, according to the foregoing rule, the defendant's proof as to his right to a commission has failed.
In reviewing this matter we note that the interest awarded in the judgment appealed from is erroneous. Plaintiff filed this suit as an open account and prayed for legal interest from November 12, 1969, until paid. (Petition, Record, p. 3) The judgment, however, awarded plaintiff legal interest at the rate of five percent per annum from November 12, 1969, until July 27, 1970, and then at the rate of seven percent per annum from July 27, 1970, until paid. (Judgment, Record, p. 17) The record clearly reflects that there was never any agreement or stipulation between the parties with regard to the payment of interest. Accordingly, the legal interest, at the time the contract for the rental of the matts was made, is the only interest recoverable, although the rate of legal interest may have subsequently been changed by law, LSA-C.C. art. 1940.[1] The rate of legal interest in effect at the time of the making of this contract was five percent per annum, LSA-C.C. art. 1938. Five percent per annum legal interest is, therefore, the maximum rate of interest which plaintiff is entitled to recover, LSA-C.C. art. 1940; State, Department of Highways v. Vermilion Development Company, La., 249 So.2d 167 (1971); Ducote v. Life Insurance Company of Louisiana, 245 So.2d 531 (La.App. 3rd Cir. 1971).
Moreover, plaintiff is entitled to recover legal interest at the rate of five percent per annum only from date of judicial demand (January 15, 1970) until paid, and not from November 12, 1969, in view of the absence of any stipulation as to the time when the account became due, Mochitta v. Lemak, 165 So.2d 568 (La.App. 1st Cir. 1964).
For the foregoing reasons, the judgment of the trial court is amended so as to provide legal interest at the rate of five percent per annum from date of judicial demand (January 15, 1970) until paid, and in all other respects the judgment is affirmed. Appellant is to pay all costs of court.
Amended and as amended, affirmed.
NOTES
[1] "Art. 1940. In cases where no conventional interest is stipulated, the legal interest, at the time the contract was made, shall be recovered, although the rate may have been subsequently changed by law."