PRICE, Judge.
This is an appeal from a judgment of the trial court rejecting the demands of third party plaintiffs in a tort action seeking contribution from an alleged tort feasor and his liability insurer.
At about 7:00 o’clock, a. m. on January 17, 1970, a vehicular collision between a petroleum transport truck belonging to Falco, Inc., traveling north on Louisiana Highway No. 7 and a southbound automobile driven by Katie Howell Walker, resulted in the death of Mrs. Walker and serious injury to her husband, Lee Walker, who was a passenger in the family automobile.
Lee Walker filed suit individually and as representative of his minor son, seeking damages on their behalf from the truck driver, Haskell W. Reynolds, his employer, Falco, Inc., and its liability insurer, Aetna Casualty & Surety Company.
Prior to the trial on the merits of this action, defendants paid the total sum of $96,-000 to plaintiff in settlement of all claims urged individually and in his representative capacity arising out of the accident. Thus the issues in the trial court were limited to the demands of the third party petition filed by the original defendants in this action, making James O. Wilson and his liability insurer, State Farm Mutual Insurance Company, third-party defendants. Third party plaintiffs urge that Wilson is a joint tort feasor, having been guilty of actionable negligence which was a proximate cause of this accident. They seek to establish negligence on the part of Wilson by the testimony of the driver of the Falco truck, Has-kell Reynolds, who testified that the accident happened in the following manner:
He was proceeding north on Louisiana Highway 7 at a speed of between 20 and 25 miles, as the weather was foggy and visibility severely limited. Just prior to reaching the exact point of the collision, he came over the crest of an incline in the highway and saw the taillights of a vehicle in front of him. Although he immediately began slowing his truck by tapping his brakes, the driver of the preceding vehicle caused the brake lights to, come on, indicating the vehicle was coming to a sudden stop in his path. He made a sudden full application of brakes to avoid striking this vehicle. This caused his tractor-trailer unit to jack-knife and enter the oncoming traffic lane in the path of the Walker car.
After emerging from the cab of his truck, he recognized the preceding vehicle as being a pickup truck towing a house trailer, which he subsequently learned was being driven by James O. Wilson. Third party defendant Wilson in his testimony denied the accusations of negligence made by Reynolds and described his- activities at the time surrounding the accident as follows:
That on the morning of the accident he was proceeding northerly on Louisiana Highway 7 in his pickup truck towing a Spartan house trailer, with the intent to deliver the trailer to the residence of Jarvis Jennings, situated on the east side of this highway approximately two miles north of Sarepta, Louisiana. He was traveling at a slow speed of between 10 and 15 miles per hour as the weather was foggy and he was watching for a side road intersecting the Highway which he understood provided access to the Jennings property. Prior to reaching the Jennings residence, Wilson noted a petroleum transport following him for a short distance. He sighted the side road while at a distance of two or three hundred feet from its intersection and slowed his vehicle by removing his foot from the accelerator. As he came closer to the *842 intersection he realized the entrance to the road was too narrow for him to make a right turn with the trailer attached, so he began accelerating his vehicle with the intent of driving to a point where he could turn his unit around and approach the Jennings residence from the north, thus allowing him to make a left turn into the side road. He was not aware any collision had occurred until he had turned his vehicle at a point approximately one mile north of the accident location and had returned and completed his maneuver into the Jennings yard.
Solely on the basis of the testimony of Reynolds, Wilson is accused of negligence by stopping his vehicle in the highway or traveling at such a slow speed on a State highway as to impede the normal and reasonable movement of traffic in violation of LSA-R.S. 32:64(B), or attempting to make a right turn from the highway without first giving an appropriate signal to following motorists as required by the highway regulatory statute.
The provisions of LSA-R.S. 32:64 (B) [commonly called the slow speed statute] have no applicability to the facts of this case. Due to the weather conditions existing at the time, the speed of 10 to 15 miles per hour (Wilson’s admitted speed) was an appropriate speed rather than an unreasonable one that would impede the normal flow of traffic.
The evidence is insufficient to establish Wilson either made a sudden application of brakes stopping his vehicle in the road, or that he attempted a right turn without giving a signal.
Where the unsupported testimony of a party having the burden of establishing a particular fact is contradicted by the testimony of the other party and the credibility of neither is attacked, in the absence of corroborating evidence or circumstances it cannot be said that the party having the burden of proof has sustained that burden. Anthony v. State Farm Mutual Insurance Company, 227 So.2d 180 (La.App.2d Cir. 1969); Walker v. Walker, 159 So.2d 344 (La.App.2d Cir. 1963); Peters v. Great Atlantic & Pacific Tea Co., 72 So.2d 562 (La.App.2d Cir. 1954); Winford v. Wilson, 59 So.2d 498 (La.App. 2d Cir. 1952).
The trial judge, after weighing the testimony of Reynolds as against that of Wilson, concluded Reynolds’ testimony standing alone was insufficient to carry the burden of establishing by a preponderance of the evidence that Wilson was guilty of any of the aforementioned courses of conduct which would establish actionable negligence on his part. We find no error in the conclusion of the trial judge in this matter.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
Affirmed.