279 So.2d 793 (1973)
Mr. & Mrs. John M. TRABEAUX and Mr. & Mrs. Charles B. Boutrie
v.
Allen J. SANCHEZ et al.
Allen J. SANCHEZ
v.
Beatrice TRABEAUX et al.
Beatrice TRABEAUX and the Travelers Insurance Company
v.
Leon N. MATHIEU et al.
Nos. 5304-5306.
Court of Appeal of Louisiana, Fourth Circuit.
June 19, 1973.
Stahl & Berke, Kenneth J. Berke, New Orleans, for Mr. & Mrs. John M. Trabeaux and Mr. & Mrs. Charles B. Boutrie.
Porteous, Toledano, Hainkel & Johnson, Christopher E. Lawler, New Orleans, for Allstate Ins. Co. and Leon N. Mathieu.
Lemle, Kelleher, Kohlmeyer, Matthews, & Schumacher, Paul B. Deal, New Orleans, for Beatrice Trabeaux and Travelers Ins. Co.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Claude D. Vasser and Janice T. Martin, New Orleans, for Travelers Ins. Co.
Young & Mars, New Orleans, for Allen J. Sanchez.
Before STOULIG, BOUTALL and SCHOTT, JJ.
*794 BOUTALL, Judge.
Appeals have been lodged in the instant consolidated cases, all of which arise out of an automobile chain collision which occurred on September 16, 1968 on Gentilly Blvd. in the City of New Orleans.
Appellant, Mrs. Charles Boutrie, was a guest passenger in an automobile being operated by co-appellant, Mrs. Beatrice Trabeaux. The Trabeaux vehicle was travelling in the neutral ground lane of Gentilly Blvd., a three laned major traffic artery, proceeding in the direction of downtown New Orleans. As the Trabeaux vehicle approached the intersection of Gentilly Blvd. and St. Dennis Streets it was forced to come to a stop as traffic ahead had likewise halted due to the fact that another vehicle was attempting to negotiate a left hand turn. At this point Mrs. Trabeaux attempted to change lanes from the neutral ground lane to the middle lane. As she attempted to switch lanes, the engine of her vehicle stalled and she was thereafter rearended by appellee, Allen Sanchez. Subsequently the Sanchez vehicle was likewise struck from the rear by a vehicle driven by co-appellee, Leon N. Mathieu.
As a result of this accident, the initial law suit was instituted by Mr. and Mrs. John M. Trabeaux and Mr. and Mrs. Charles B. Boutrie who claimed personal injury and property damages as well as out of pocket medical expenses. Named as defendants in that suit were Allen J. Sanchez, alleged to be an uninsured motorist, Leon N. Mathieu and his liability insurer, Allstate Ins. Co., and Travelers Ins. Co., under the uninsured motorist provision of the Trabeaux's policy. On this demand, the lower court dismissed plaintiff's claims at their costs. All plaintiffs perfected an appeal from this judgment.
The second suit was instituted by Allen J. Sanchez for personal injury and property damages against Mrs. Beatrice Trabeaux and her liability insurer, The Travelers Ins. Co., as well as Leon N. Mathieu and his liability insurer, Allstate Insurance Company. On this claim, the lower court granted judgment in favor of plaintiff and against defendants, Mrs. Beatrice Trabeaux and Travelers Ins. Co. in the amount of $150.00 for property damages, and $100.00 for personal injury. Plaintiff's claim against Leon Mathieu and Allstate was dismissed. Plaintiff has not appealed this judgment although defendants, Beatrice Trabeaux and The Travelers Ins. Co. have.
The third suit was instituted by Mrs. Trabeaux and Travelers Ins. Co. against Mr. Sanchez and Mr. Mathieu and Allstate Ins. Co. for property damage to the Trabeaux vehicle. Mrs. Trabeaux's claim was dismissed as having been previously asserted in the first suit, and Travelers' claim, based on its subrogation after paying Mrs. Trabeaux under the collision section of the policy, was dismissed by the lower court. Both plaintiffs have appealed from this judgment.
The lower court had the opportunity to hear all the evidence with the advantage of viewing the witnesses while they testified. At the conclusion of the trial, the following findings of fact were made to the court:
"From the evidence and attempting to analyze the evidence as fairly and impartially as the Court is able to do, the Court finds that the proximate cause of this collision and subsequent injury was the negligence of the driver of the Trabeaux car who cut out from the left lane into the center lane at a time and a place when it was unsafe for her to do so thereby creating a sudden emergency. That as a result of the sudden emergency, the Sanchez car ran in the rear of the Trabeaux and the Mathieu car ran into the rear of the Sanchez car.
"The Court does not find any negligence whatsoever on the part of either Sanchez or Mathieu. It finds that the sole and only negligence was the negligence of the driver of the Trabeaux car."
*795 A careful review of the record convinces us that there was no manifest error on the part of the lower court and therefore the judgment appealed from must be affirmed. Readco Industries, Inc. v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970); Ricks v. Associated Indemnity Corporation, La. App., 242 So.2d 346 (1970).
The record establishes that Mrs. Trabeaux attempted to change lanes from the neutral ground to the middle lane of Gentilly Blvd. at a time when the Sanchez vehicle was no more than 2 to 3 car lengths behind her in the middle lane. Mr. Sanchez testified that he applied his brakes as soon as he saw the Trabeaux vehicle begin to change lanes. Although he was travelling within the posted speed limit, Mr. Sanchez was unable to halt his vehicle. Mrs. Trabeaux admitted that once she had entered the middle lane the engine on her vehicle stalled and that she applied her brakes, bringing her car to an abrupt stop in front of Mr. Sanchez.
Although Mrs. Trabeaux contends that she had been stopped in excess of 15 seconds before Mr. Sanchez struck her, we do not believe the record establishes this to be the case. Mrs. Trabeaux testified in part as follows:
Q. "How long were you stopped before the first impact?
A. "I'd say about 15 or 30 seconds, time enough to try to start my car twice.
Q. "When you say twice, you mean time to turn the key like this
A. "Yes.
Q. "let it go and turn back again, is this correct?
A. "Yes.
Q. "And you figured that this time lapse was 15 to 30 seconds, is that correct?
A. "About, roughly."
It is obvious that the actions which Mrs. Trabeaux described do not take 15 to 30 seconds to perform. Moreover it is significant to the court that her guest passenger, Mrs. Boutrie, could not corroborate Mrs. Trabeaux on the length of time Mrs. Trabeaux was stopped before the impact.
The record further establishes that the Mathieu automobile was approximately two car lengths behind the Sanchez car at the time of the initial impact. Mr. Mathieu applied his brakes when he became aware of the first collision but could not physically stop his vehicle to prevent a second collision. We find no negligence on the part of Leon Mathieu.
It is well established in our jurisprudence that when a change of lanes by a motorist immediately precedes impact, the burden of proof is on the motorist changing lanes to show compliance with LSA-R.S. 32:79(1) and M.C.S. Ordinance, § 38-90 of the Code of City of New Orleans, both of which provide as follows:
"R.S. 32:79 HIGHWAY REGULATORY ACT.
"§ 79. Driving on roadway laned for traffic.
"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
"(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."
See also Jefferson v. Strickland, La.App., 242 So.2d 582 (1970); Anthony v. State Farm Mutual Insurance Co., La.App., 227 So.2d 180 (1969).
Plaintiffs-appellants have not met the burden of proof in this instance. Had proper diligence been exercised by Mrs.
*796 Trabeaux she should have seen the Sanchez vehicle approaching and remained in her original lane of traffic until she could safely have changed lanes.
For the foregoing reasons, the judgments of the lower court are affirmed, costs of this appeal to be borne by appellants.
Affirmed.