PRICE, Judge.
This tort action arises out of a three car collision at the intersection of Mansfield Road and Williamson Way, just south of Shreveport, on July 5, 1972, at approximately 6:45 a. m.
Plaintiff, Michael E. Moreau, seeks damages for personal injuries, medical expenses, automobile repairs, loss of wages and other related expenses resulting from his 1964 Ford having been struck from the rear by a 1965 Chevrolet driven by James L. Binford. The defendants named in the action are Binford and his liability insurer, Safeco Insurance Company of America, Inc.
The vehicles involved were proceeding in a southerly direction on Mansfield Road just prior to the collision. Plaintiff contends his car was the last in a long line of vehicles alternately stopping and starting as they approached the traffic signal allowing a left turn on Williamson Way which provides access to the south employee parking area at the Western Electric Plant. He further contends ás he was stopping in rhythm with the preceding line of vehicles he was struck from the rear by the Binford car and propelled into the rear *403 of a 1971 Volkswagen driven by Mrs. Clara A. Dugas.
Plaintiff alleges Binford was solely at fault in causing the accident by failing to maintain a proper lookout, driving at an excessive speed and not having his vehicle under proper control.
Defendants contend the accident resulted from the plaintiff making an illegal change of lanes and suddenly applying his brakes in the path of the Binford automobile in such a manner that rendered it impossible for Binford to take effective evasive action. Alternatively, defendants urge the plea of contributory negligence as a bar to plaintiff’s recovery.
After trial on the merits the district court found the accident was caused solely by the negligence of the following driver, Binford, and awarded plaintiff a total sum of $8,612.34.
On this appeal taken by defendants, the scope of our review is limited to the correctness of the trial court’s conclusion on liability as neither party questions the award of damages.
We find no error in the decision of the trial court and affirm the judgment appealed from.
The principal question involved is whether the preponderance of the evidence shows this was an ordinary rear end collision caused by the inattentiveness of Bin-ford or was the accident caused by Moreau suddenly changing lanes into Binford’s path.
Resolution of the issue depends on the evaluation of the credibility and weight to be accorded to the conflicting testimony of the drivers of the vehicles and the corroborating witnesses.
It is impossible to reconcile the witnesses’ testimony as to which lane the vehicles were in at the moment of collision. The Mansfield Road, as it approaches this intersection, has three lanes for southbound traffic. There are two lanes for through traffic and a third easterly lane for motorists turning left onto Williamson Way. Mo-reau and the investigating officer located the involved vehicles at the time of collision at a point just prior to the place of entry into the left turn lane. The driver and passenger in the Dugas Volkswagen were of the opinion all vehicles had entered the left lane. Mr. and Mrs. Binford testified their car was the last vehicle in the line behind the Dugas Volkswagen which had proceeded several car lengths into the left turn lane at the time Moreau suddenly swerved in the space between these two cars. The trial judge concluded that regardless of which lane the collision occurred in, the defendants did not ■ prove by a preponderance of the evidence that Moreau suddenly changed lanes as contended by Binford. This finding is supported by the evidence. Moreau denied having made any such maneuver. Mrs. Dugas and her passengers did not see either the Moreau or Binford cars until after impact. The investigating officer was patroling the immediate area and was on the scene within a few minutes after the accident. He testified he recorded the accident as an ordinary rear end collision. He arrived at his conclusion after talking to the drivers and did not recall Mr. and Mrs. Binford making any statement at the scene regarding Moreau having swerved into their lane.
On the basis of this evidence, the trial judge found Binford was prima facie negligent in driving his vehicle into the preceding car and defendants did not offer sufficient evidence to overcome this presumption of negligence.
Defendants contend this is a misapplication of the burden of proof, citing the case of Anthony v. State Farm Mutual Insurance Company, 227 So.2d 180 (La.App. 2nd Cir. 1969). We do not agree with this argument. In the Anthony case the opinion of this court merely holds that once the evidence has established the collision has resulted from an improper change of lanes *404 by the driver of the vehicle struck from the rear, the driver of the rear ending vehicle does not have to bear the burden of proving an absence of negligence on his part.
This case is not analogous to Anthony as no improper lane change was shown on the part of Moreau. The testimony at the time of trial of Mr. and Mrs. Binford that such a maneuver took place is not corroborated by other evidence or their prior actions. Defendants have not offered sufficient evidence to absolve Binford of negligence nor to prove contributory negligence on the part of Moreau.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s costs.