BOLIN, Judge.
The automobile accident made the basis of this suit occurred in Shreveport, Louisiana at approximately 3:30 p. m. on July 24, 1971, near the intersection of North Market and Kansas City Streets. North *908 Market, in the vicinity of the wreck, is a six-lane thoroughfare running north and south, with three lanes for northbound traffic and three lanes for southbound traffic, all lanes clearly marked by white lines. Kansas City is a two-lane hard-surface street intersecting North Market at right angles. Both automobiles were proceeding north on North Market.
Raymond C. Guillot was driving a 1970 Ford, insured by Travelers Indemnity Company, north on North Market in the curb or extreme right lane when his vehicle struck Norman R. Barnett’s Chevrolet on the latter’s right side. Barnett, accompanied by his wife and 23-year-old stepson, was driving his Chevrolet in the center lane for northbound traffic on North Market. Mrs. Barnett seeks damages for personal injuries and Mr. Barnett seeks to recover expenses incurred by the community for medical expenses, property, damage to the automobile and loss of wages. Guillot and Travelers in their answer denied the accident was caused by the negligence of Guillot alternatively interposed a plea of contributory negligence against Mr. Barnett, and further filed a reconventional demand, asking, in the event they were held liable to Mrs. Barnett, that they be granted judgment for one-half on the amount of the judgment in her favor against Mr. Barnett.
The case was tried before the late Judge Eugene B. Middleton whose untimely death came before he rendered a decision. The case was then assigned to Judge James E. Clark who reviewed the record and assigned written reasons for his findings. He concluded the accident was caused solely by the negligence of Barnett and, from judgment rejecting plaintiffs’ demands, they appeal. The rejection of plaintiffs’ demands made it unnecessary for the court to pass on defendants’ reconventional demand and since defendants have neither appealed ñor answered the appeal, this claim is not before us. We affirm the judgment of the lower court.
ISSUE
The primary question on appeal is whose fault caused or contributed to the accident?
UNDISPUTED FACTS
An electric semaphore light was located at the intersection of North Market and Kansas City streets. Prior to the accident the Barnetts, proceeding in a northerly direction, approached the intersection in the middle traffic lane immediately behind a large truck proceeding in their traffic lane. A short distance to the rear, in the curb lane, Guillot was also proceeding north approaching the same intersection and traffic light. Thereafter the two vehicles collided, with the left front corner and side of the Guillot Ford making contact with the right rear door of the Barnett Chevrolet. A Shreveport police officer was called to the scene of the accident and arrived approximately five minutes after the collision occurred.
DISPUTED FACTS
Barnett’s version is that the collision occurred in the vicinity of some barricades or warning signs which had been placed along North Market because of a street-widening project. According to the testimony of Mr. and Mrs. Barnett, they observed a large truck ahead of them approximately two blocks south of the intersection and followed it in the center lane of North Market until both vehicles reached the intersection. It is their contention that the truck and the Barnett Chevrolet both came to a halt awaiting a change of the traffic light from red to green; that while both vehicles were thus stopped the right side of plaintiff’s car was struck a glancing blow from the rear* by the Guillot Ford.
Guillot testified he resided in the general vicinity of the accident and was familiar with the streets in that area; that immedi *909 ately preceding the accident he had driven his Ford several blocks north in the outside or curb lane of North Market at approximately 20-25 miles per hour; that the street construction was three blocks south of the site of the accident. He further testified there was no other traffic in the curb lane as he was proceeding north; that as he was approaching the traffic light it changed from red to green, whereupon he continued forward; that Barnett suddenly veered his vehicle to the right in an apparent effort to go around the truck which was stopped; and that this maneuver occurred approximately 20 feet in front of him without any warning or signal ; that he immediately applied his brakes but because of the short distance separating the two vehicles he was unable to avoid the collision and his Ford struck the Barnett car on its right side as it was angling from the center to the outside lane. Gilliot’s version of the accident is corroborated by the testimony of a city police officer who arrived soon after the accident.
Plaintiffs offered the testimony of the owner and attendant of a service station located about a block south of the intersection where the accident occurred. One of these witnesses testified he saw the accident and that Guillot attempted to pull around the Barnett vehicle which caused the accident. A careful reading of the testimony of this witness, together with that of the police officer, convinces us he was mistaken as to how the collision occurred.
Plaintiffs contend that since Guillot’s vehicle struck the plaintiff’s car from the rear, this case should be governed by the jurisprudence dealing with rear-end collisions between vehicles.
FACTUAL FINDINGS
We find Barnett had brought his vehicle to a stop in the center lane immediately behind the truck which had in turn stopped in obedience to a red signal light. When the light changed to green Barnett, without making proper observation to his rear, attempted to pass to the right of the truck. As he made this maneuver he crossed into the outside lane in front of the Guillot Ford, at a time when Guillot was unable to avoid the collision which resulted when the left front of the Ford struck the right rear door of plaintiff’s vehicle.
APPLICABLE STATUTORY LAW AND JURISPRUDENCE
Louisiana Revised Statutes 32:79(1):
“Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply.
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.”
Louisiana Revised Statutes 32:104(A):
"A. No person shall turn ... a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.”
A motorist who attempts to change traffic lanes on a multiple-lane highway must ascertain before turning that the maneuver can be made safely without endangering normal overtaking or oncoming traffic. See Trabeaux v. Sanchez, 279 So.2d 793 (La.App. 4th Cir. 1973), citing Jefferson v. Strickland, 242 So.2d 582 (La.App. 1st Cir. 1970) ; and Anthony v. State Farm Mutual Insurance Co., 227 So. 2d 180 (La.App. 2d Cir. 1969).
CONCLUSION AND DECREE
Viewing the aforesaid law and jurisprudence in light of our findings, the judgment of the lower court is correct and it is accordingly affirmed at appellants’ cost.