BLANCHE, Judge.
This is an appeal by defendant, Pat Mashburn d/b/a Pat & Don’s, from an adverse judgment ordering him to pay $1,492.10 to the plaintiff, Gary A. Triche d/b/a Triche’s, of which $932.64 was due under an oral contract between plaintiff and defendant and $559.46 was due for work actually performed by plaintiff but not covered by the agreement.
Early in February, 1973, Mashburn and Triche entered into an oral contract whereby Triche would furnish television repair services for Mashburn’s retail dealership for a minimum fee of $450 per week, with credit to be given for work actually done. Termination was to be accomplished at the will of the parties.
When Mashburn received the first billing under the guarantee agreement on approximately March 1, 1973, he decided the guarantee was too expensive and he did not want to continue. He then contacted Triche for the purpose of terminating the agreement. At the trial both parties acknowledged that the termination had taken place; the only dispute is one of fact, i. e., the exact date of termination.
Adopting plaintiff’s viewpoint, the trial judge held the contract was terminated on March 19, 1973, and awarded $932.64, the amount stipulated by the parties as in dispute under the contract, and $559.46, the amount due for work actually done in April and acknowledged by both parties to have accrued after termination of the contract.
The defendant-appellant specified as error the trial court’s holding that the burden of proof was upon the defendant to establish the precise date of termination of the said verbal agreement and further in holding that plaintiff was entitled to recover in the absence of proving his case by a preponderance of the evidence.
We agree that a plaintiff must prove his claim by a preponderance of the *564 evidence. Ashford v. Richards, 228 So.2d 530 (La.App. 1st Cir. 1969); Sandel v. Travelers Insurance Company, 225 So.2d 736 (La.App. 3rd Cir. 1969); Hall v. St. Helena Parish School Board, 268 F.Supp. 923 (E.D.La.1967).
Here the .plaintiff alleged in his petition that the contract providing for a guarantee of $450 per week continued through the entire month of April. The defendant contended in his answer that all sums due the plaintiff had been paid. At the trial both parties agreed that the contract had been terminated but disagreed as to the date of the termination. The plaintiff testified that the contract terminated on March 19, 1973, and the defendant testified that it terminated around the end of February. The credibility of neither was attacked. The trial judge, in his Oral Reasons for Judgment, stated:
“ * * * It seems to me that the burden of proof was upon the defendant to establish the date of the termination Mr. Triche testified specifically and unequivocally, March the 19th. Mr. Mash-burn testified some time late in February but he didn’t know exactly when. The only definite date of the termination before the Court is March the 19th. And in the absence of any other specific termination date, I feel that I have to accept it. * * * ” (Oral Reasons for Judgment, Record, p. 66)
Countless cases require us to affirm a holding based on a trial court’s evaluation of the credibility of witnesses, but credibility is not at issue here. The real issue is whether the plaintiff proved his case by a preponderance of the evidence.
From reading the record, neither we nor the trial judge would have any way of knowing when the agreement was terminated. There are no corroborating circumstances in favor of either date, and the trial judge was not required to choose one date over another. When the unsupported testimony of the plaintiff is contradicted hy the testimony of the defendant, the credibility of neither is attacked, and there is no corroborating evidence or circumstances, then the plaintiff is held not to have made out his case. Anthony v. State Farm Mutual Insurance Company, 227 So. 2d 180 (La.App. 2nd Cir. 1969); Walker v. Walker, 159 So.2d 344 (La.App. 2nd Cir. 1963); La Fleur v. White System, Inc., 235 So.2d 141 (La.App. 4th Cir. 1970); Diaz v. Breaux, 252 So.2d 697 (La.App. 1st Cir. 1971).
For these reasons, we reverse and set aside that part of the judgment of the trial court which allows the plaintiff the sum of $932.64 claimed due to him under the oral agreement with defendant. Since there is no dispute as to the $559.46 due for work actually performed, the judgment of the trial court for that amount is affirmed. All costs of this appeal are to be paid by de f endant-appellant.
Reversed in part, affirmed in part and rendered.